In the Matter of COASTAL GROUP, INC., f/k/a Coastal Electric, Inc., Construction Management Services, Inc., Hatzel & Buehler, Inc., Debtors.

**CONSTRUCTION MANAGEMENT SERVICES, INC., Plaintiff,**

**v.**

**MANUFACTURERS HANOVER TRUST COMPANY, Defendant.**

**Bankruptcy Nos. 87–447 to 87–449.**

United States Bankruptcy Court, D. Delaware.

April 9, 1991.

James L. Patton, Laura Davis Jones, Maureen D. McGlynn, Wilmington, Del., for debtors/plaintiffs.

Francis A. Monaco, Jr., Wilmington, Del., Morton L. Gitter, Glenn B. Rice, Rochelle Spergel, New York City, for defendant.

## MEMORANDUM OPINION AND ORDER

HELEN S. BALICK, Bankruptcy Judge.

The debtor Construction Management Services, Inc. (CMS) has filed an action to recover over $700,000 from Manufacturers Hanover Trust Company, (MHT) alleging interest payment preferences under § 547(b), insider preferences under § 547(b), and improper setoff under § 553 of the Code. MHT moves to dismiss the action, claiming that the applicable statute of limitations expired before CMS filed this action, that CMS fails to state a claim for which relief can be granted, and that CMS is judicially and equitably estopped from prosecuting this action. Jurisdiction of this court is based on 28 U.S.C. § 1334, and this is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E) and (F).

### I. *Facts*

CMS filed a chapter 11 petition on October 26, 1987. The preference action was filed on January 2, 1991. A third amended plan was confirmed on December 19, 1989. This plan is currently being consummated. No trustee has been appointed.

### II. *CMS' action is time-barred*

The parties agree that the Bankruptcy Code provides a specific statutory time limitation for the commencement of a preference action. Section 546(a) of the Code states:

> (a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—
>> (1) two years after the appointment of a trustee under section 702, 1104, 1163, 1302, or 1202 of this title; or
>> (2) the time the case is closed or dismissed.

All of CMS' claims were brought under Code sections listed in the preamble to § 546(a), and CMS filed its action more than two years after it filed its Chapter 11 petition. MHT concedes the case has not been closed or dismissed. MHT concludes that § 546(a)(1) time-bars CMS' action. CMS' sole response is that § 546(a)(1) is inapplicable here where no trustee has been appointed pursuant to 11 U.S.C. § 1104, and instead, there is a debtor-in-possession of the estate. The parties' briefing indicates a split in the decisional case law addressing this issue.

CMS cites several decisions from jurisdictions outside the Third Circuit it argues hold that § 546(a)(1) does not apply to a debtor-in-possession. Some of these decisions are factually and legally distinguished in that a trustee had been appointed. These decisions merely hold that when a trustee is appointed, the limitations period runs from the date of that appointment. In the case here, no trustee has been appointed, and the legal issue is what, if any, statute of limitations applies to a debtor in possession bringing a preference action.

The remainder of the decisions CMS cites *do* address this issue and uniformly rule that § 546(a)(1) does not apply. All these decisions rely heavily on a rather terse discussion of this issue contained at 4 *Collier on Bankruptcy,* ¶ 546.02[2] (15th ed. 1979):

> [I]f a debtor in possession is serving in a case under chapter 11 and no trustee has been appointed, the two year period arguably would not begin to run unless and until a trustee is appointed. The better view is that section 1107(a), which gives the debtor powers of a trustee and sub-

jects the debtor in possession to the limitations placed on a trustee, does not equate service of the debtor in possession with the appointment of a trustee for the purposes of section 546(a).

*Id.* at 546–10–11 (footnotes omitted). The problem with this analysis is at least twofold. First, no reasons are provided why this is the "better view." Second, this analysis fails to address the critical threshold issue of how to interpret the language of § 546(a).

As MHT points out, the only Court of Appeals to address the overall statute of limitations issue also explicitly addressed the threshold issue of how to interpret § 546(a). *Zilkha Energy Co. v. Leighton*, 920 F.2d 1520 (10th Cir.1990). The *Zilkha* court reasoned that § 546(a) was ambiguous, and refused to apply a horse-blinders approach to interpreting that section. The *Zilkha* court reviewed the language of § 546 as a whole and found that:

> Congress intended for the word 'trustee' to apply to a debtor in possession, for every reference to actions brought by a trustee contained in § 546 obviously applies to actions brought by a debtor in possession. A contrary analysis would deprive § 546 of significance in the majority of recovery actions filed in chapter 11 cases.

*Id.* at 1524. The *Zilkha* court concluded that § 546(a)(1) is applicable to a debtor in possession and that the period of limitations runs from the date the debtor files the chapter 11 petition. *Id.; Accord In re Lill*, 116 B.R. 543, 546 (Bankr.N.D.Ohio 1990). This reasoning is persuasive.

While the Supreme Court has not ruled on the issue present in this case, it has established standards for interpreting provisions of the Bankruptcy Code. The court must look not only at a single sentence, but the provisions of the whole law, and to its object and policy. *Kelly v. Robinson*, 479 U.S. 36, 43–44, 107 S.Ct. 353, 357–58, 93 L.Ed.2d 216 (1986). Section 546 is part of Subchapter III (entitled "The Estate") of Chapter 5 of Title 11. Sections 544 through 550 detail the trustee's powers to protect and increase the value of the es-

tate. These sections do not grant a debtor in possession any such power. Section 1107(a), however, states:

> *Subject to any limitations on a trustee* serving in a case under this chapter, ..., a debtor in possession shall have all the rights, ... and shall perform all the functions and duties ... of a trustee serving in a case under this chapter.

11 U.S.C. § 1107(a) (emphasis added). The legislative history to this section echoes the requirement that the debtor in possession is subject to any limitations on a a chapter 11 trustee. *Id.* House and Senate Reports (Reform Act of 1978). Section 1107 illustrates that § 546 can not be read alone, but must be read in context with § 1107(a) to properly determine the former section's scope.

The object and policy of the Bankruptcy Code is to put the chapter 11 debtor in possession in the shoes of a trustee when none is appointed, and subject to the same limitations. For example, § 546(b) limits the rights and powers of a debtor-in-possession under §§ 544, 545 and 549, yet § 546(b) by its terms refers only to a trustee. An anomalous and unintended result would occur if the debtor possessed all of the powers enumerated under sections 544 through 550, yet was not subject to the same statute of limitations as the trustee.

Thus, applying the rules set out in *Kelly v. Robinson* accords with the reasoning and result of the *Zilkha* case. I hold that § 546(a) applies to a debtor in possession where a trustee has not been appointed. CMS' preference action is time-barred.

### III. *Conclusion*

In light of this ruling, it is not necessary to reach MHT's other grounds for dismissal. An order in accordance with this Memorandum Opinion is attached.

AND NOW, April 9, 1991 for the reasons stated in the attached Memorandum Opinion,

IT IS ORDERED that the complaint of Construction Management Services, Inc.

against Manufacturers Hanover Trust Company is DISMISSED.