**In the Matter of CENTURY BRASS PRODUCTS, INC., Debtor.**

**Jerome B. CAPLAN, Plan Administrator, Plaintiff,**

v.

**UNITED STATES BRASS & COPPER CO., Defendant.**

**Bankruptcy No. 2–85–00197.**
**Adv. No. 2–90–2206.**

United States Bankruptcy Court,
D. Connecticut.

June 7, 1991.

Lissa J. Paris, and Frank A. Appicelli, Murtha, Cullina, Richter & Pinney, Hartford, Conn., for Plan Adm'r.

Robert C. Reichert, Reid & Riege, P.C., Hartford, Conn., for defendant.

## MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

ROBERT L. KRECHEVSKY, Chief Judge.

### I.

On September 14, 1989, this court confirmed a chapter 11 liquidating plan of the debtor, Century Brass Products, Inc. (Century), under which Jerome E. Caplan became plan administrator. The plan administrator's functions are the "prosecution of claims by the Estate, objections to claims and the administration and distribution of existing cash and proceeds from claims."

Century, by letter dated June 7, 1989, had made demand upon the defendant, United States Brass & Copper Co., for return of an alleged preference of $11,845.56. The defendant failed to respond. Caplan, as plan administrator (plaintiff), made a like demand on June 21, 1990. The plaintiff filed a complaint on September 12, 1990, alleging a payment of $11,845.56 made by Century to the defendant within 90 days prior to March 15, 1985, the date Century filed its chapter 11 petition, constituted an avoidable preference under Bankruptcy Code § 547.

The defendant has moved for summary judgment "against the claim of the plaintiff on the grounds that the claim is barred by the applicable statute of limitations." In the memorandum of law accompanying its motion, the defendant claims that the applicable limitation period is two years from the date of the filing of Century's chapter 11 petition. The plaintiff asserts the defendant's motion should be denied because the estate is entitled to bring this action at any time before Century's case is closed or dismissed.

### II.

Code § 546(a), which contains the time limitations on the exercising of avoiding powers, provides:

(a) An action or proceeding under section 544, 545, 547, 548, 553 of this title may not be commenced after the earlier of—

(1) two years after the appointment of a trustee under section 702, 1104, 1163, 1302, or 1202 of this title; or

(2) the time the case is closed or dismissed.

The defendant contends that the plaintiff's claim is time-barred by the two-year limitation of § 546(a)(1) because a chapter 11 debtor-in-possession is the same as a "trustee" for the purposes of that statute. The defendant relies on the recent ruling in *Zilkha Energy Co. v. Leighton*, 920 F.2d 1520 (10th Cir.1990). *Zilkha* holds that § 546 is ambiguous and that Congress intended the two-year limitation applying to appointed trustees to apply as well to their functional equivalents—debtors-in-possession. The court determined there was no reason to create different limitation periods for the two fiduciaries. "We construe § 546(a)(1) to apply to actions filed by a debtor-in-possession, and we believe the period of limitation begins to run from the date of the filing of the petition for reorganization under chapter 11." *Zilkha*, 920 F.2d at 1524. *Accord: In re Sparmal Enter. Inc.*, 126 B.R. 559 (S.D.Ind.1991); *Construction Management Service, Inc. v. Manufacturers Hanover Trust Co., (In re Coastal Group, Inc.)*, 125 B.R. 730 (Bankr. D.Del.1991).

The law in this circuit, with which this court concurs, convincingly rebuts the *Zilkha* analysis. In *In re Korvettes, Inc.*, 67 B.R. 730 (S.D.N.Y.1986), the district court ruled that § 546(a) is not ambiguous, and that Congress set the bar date for debtors-in-possession as the time a case is closed or dismissed. The court noted that courts had generally so held prior to 1984 when Congress extensively amended the Bankruptcy Code, and Congress made no change in § 546(a)(1).[1] 67 B.R. at 773. The court further found that the dynamics of a chapter 11 case where the debtor-in-possession labors to negotiate a consensual reorganization plan was an understandable policy reason for not limiting a debtor-in-possession to a two-year bar date. 67 B.R. at 734. *See also, Mahoney, Trocki & Assoc. v.*

*Kunzman (In re Mahoney, Trocki & Assoc.)*, 111 B.R. 914, 918 (Bankr.S.D.Cal. 1990); *Jet Florida, Inc. v. American Airlines, Inc. (In re Jet Florida System, Inc.)*, 73 B.R. 552, 556 (Bankr.S.D.Fla.1987); *Britton v. Fessler & Bowman, Inc. (In re Britton)*, 66 B.R. 572, 575 (Bankr.E.D. Mich.1986); *Stuart v. Pingree (In re Afco Dev. Corp.)*, 65 B.R. 781, 785 (Bankr.D. Utah 1986) (where case subsequently converted to chapter 7); *Perlstein v. Saltzstein (In re AOV Indus.)*, 62 B.R. 968, 974 (Bankr.D.D.C.1986) (where chapter 11 disbursing agent appointed); *Steel, Inc. v. Windstein (In re Steel Inc.)*, 55 B.R. 426, 428 (Bankr.E.D.La.1985); *Alithochrome Corp. v. East Coast Finishing Sales Corp. (In re Alithochrome Corp.)*, 53 B.R. 906, 909 (Bankr.S.D.N.Y.1985); *Boatman v. E.J. Davis Co. (In re Choice Vend, Inc.)*, 49 B.R. 719, 720 (Bankr.D.Conn.1985) (where chapter 11 trustee subsequently appointed); *Edelman v. Gleason (In re Silver Mill Frozen Foods, Inc.)*, 23 B.R. 179, 181 (Bankr.W.D.Mich.1982) (where case subsequently converted to chapter 7); *One Mktg. Co., Inc. v. Addington & Assoc. (In re One Mktg. Co. Inc.)*, 17 B.R. 738 (Bankr. S.D.Tex.1982).

### III.

The debtor's claim under § 547 to seek the avoidance of an alleged preferential transfer is not time-barred, and the defendant's motion for summary judgment is accordingly denied. It is

SO ORDERED.

---

1. Similarly, Congress, in enacting The Bankruptcy Judges, United States Trustees, and Family Farmer Bankruptcy Act of 1986, made no change in § 546(a)(1).