**In re TAMIAMI RANGE & GUN SHOP, INC., Tamiami Gun Distributors, Inc., Bob–Jon, Inc. and Jonathan Jay Katon, Debtors.**

**Jonathan Jay KATON, Plaintiff,**

v.

**The INTERNATIONAL BANK OF MIAMI, N.A., a national banking association, Defendant.**

**Bankruptcy No. 89–01336–BKC–AJC. Adv. No. 91–0217–BKC–AJC–A.**

United States Bankruptcy Court, S.D. Florida.

July 9, 1991.

Dennis M. Campbell, P.A., Mershon, Sawyer, Johnston, Dunwody & Cole, Miami, Fla., for the Intern. Bank of Miami, N.A.

Ronald G. Neiwirth, P.A., Miami, Fla., for Jonathan Jay Katon.

## ORDER DENYING MOTION OF INTERNATIONAL BANK OF MIAMI FOR SUMMARY JUDGMENT

A. JAY CRISTOL, Bankruptcy Judge.

This cause having come before this court on June 19, 1991 at 11:00 a.m. upon The International Bank of Miami, N.A.'s Motion for Summary Judgment and having heard argument of counsel, this court now finds and concludes as follows:

On March 21, 1989, Jonathan Jay Katon ("Katon") filed his Petition for Reorganization under chapter 11 of the Bankruptcy Code. Since that time, Katon has operated as a debtor-in-possession and no trustee has been appointed under 11 U.S.C. § 1104. On March 22, 1991, Katon filed this action against the International Bank of Miami, N.A. ("IBM") alleging that preferential transfers, as defined in 11 U.S.C. § 547, were made to IBM. Katon seeks to recover such preferential transfers. IBM has moved for summary judgment on its first affirmative defense on the grounds that the applicable statute of limitations expired before Katon filed this action.

The parties agree that the Bankruptcy Code provides a specific statutory time limitation for the commencement of a preference action. 11 U.S.C. § 546(a) provides:

(a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—

(1) two years after the appointment of a trustee under section 702, 1104, 1163, 1302 or 1202 of this title; or

(2) the time the case is closed or dismissed.

The parties further agree that this action was brought under one of the Code sections listed in the preamble to section 546(a) and that Katon filed this action more than two years after he filed his chapter 11 petition. The issue to be resolved is whether the two year statute of limitations of § 546(a)(1) is applicable to a preference action brought by a debtor-in-possession.

IBM contends that § 546(a)(1) is applicable to a debtor-in-possession and that Katon is therefore time barred from bringing this action. B.R. 9001(10) states "trustee includes a debtor-in-possession in a chapter 11 case." Katon's sole response is that § 546(a)(1) is inapplicable here where no trustee has been appointed under 11 U.S.C. § 1104. Rather, Katon contends that § 546(a)(2) provides the applicable statutory time limitation for the commencement of a preference action by a debtor-in-possession.

In support of his contention, Katon relies upon cases which hold that § 546(a)(1) does not apply to a debtor-in-possession. *In re One Marketing Co., Inc.*, 17 B.R. 738 (Bankr.S.D.Tex.1982); *Matter of Silver Mill Frozen Foods, Inc.*, 23 B.R. 179 (Bankr.W.D.Mich.1982); *In re Korvettes, Inc.*, 67 B.R. 730 (S.D.N.Y.1986); *Matter of Choice Vend, Inc.*, 49 B.R. 719 (Bankr. D.Conn.1985); *In re AOV Industries, Inc.*, 62 B.R. 968 (Bankr.D.C.1986). As Katon

has noted, all of these decisions rely heavily upon a discussion of this issue contained at 4 *Collier on Bankruptcy,* para. 546.-02[2] (15th ed. 1984):

> [I]f a debtor in possession is serving in a case under Chapter 11 and no trustee has been appointed, the two year period arguably would not begin to run unless and until a trustee is appointed. The better view is that § 1107(a), which gives the debtor powers of a trustee and subjects the debtor in possession to the limitations placed on a trustee, does not equate service of the debtor in possession with the appointment of a trustee for the purposes of § 546(a).

In support of its contention, IBM relies upon the more recent decisions which hold that § 546(a)(1) does apply to a debtor-in-possession. *Zilkha Energy Co. v. Leighton,* 920 F.2d 1520 (10th Cir.1990); *Matter of Coastal Group, Inc.,* 125 B.R. 730 (Bankr.D.Del.1991); *Sparmal Enterprises, Inc. v. Moffitt Realty Corp.,* 126 B.R. 559 (S.D.Ind.1991). IBM has pointed out, the only Court of Appeals to address the overall statute of limitations issue also explicitly addressed the proper interpretation of § 546(a). *Zilkha Energy Co. v. Leighton,* 920 F.2d 1520 (10th Cir.1990). The *Zilkha* court found that § 546(a) was ambiguous and, therefore, refused to apply a literal interpretation of that section. The *Zilkha* court reviewed the language of § 546 as a whole and found that:

> Congress intended for the word "trustee" to apply to a debtor in possession, for every reference to actions brought by a trustee contained in § 546 obviously applies to actions brought by a debtor in possession. A contrary analysis would deprive § 546 of significance in the majority of recovery actions filed in Chapter 11 cases.

*Id.* at 1524. The *Zilkha* court concluded that § 546(a)(1) is applicable to a debtor-in-possession and that the period of limitations runs from the date the debtor files the chapter 11 petition. *Id.; Accord In re Lill,* 116 B.R. 543, 546 (Bankr.N.D.Ohio 1990). This court does not find this reasoning to be persuasive.

■ The object and policy of the Bankruptcy Code is to put the chapter 11 debtor-in-possession in the shoes of a trustee when none is appointed. 11 U.S.C. § 1107(a) provides:

> Subject to any limitations on a trustee serving in a case under this chapter … a debtor-in-possession shall have all the rights … and powers, and shall perform all the functions and duties … of a trustee serving in a case under this chapter.

The legislative history to this section echoes the requirement that the debtor-in-possession is subject to any limitations on a chapter 11 trustee. But it has always been clear that when a trustee is appointed under 11 U.S.C. § 1104, the time for computing the statute of limitations on 544, 545, 547, 548 and 553 actions begins to run from the date of appointment of the trustee under 11 U.S.C. § 1104. There is a clear difference between the debtor, now debtor-in-possession as trustee and a § 1104 trustee who is appointed because of the fraud, dishonesty, incompetence or gross mismanagement of the debtor-in-possession "trustee." It would indeed be less than prudent to allow a debtor-in-possession as "trustee" to drag a chapter 11 administration past the two year statute of limitations and not seek preference or fraudulent transfer actions against his family or friends and then bar action against them. I think not. The two year statute of limitations under 11 U.S.C. § 546(a) applies only to an independent trustee appointed under 11 U.S.C. § 1104. The statute of limitations applicable to the debtor-in-possession "trustee" is 11 U.S.C. § 546(a)(2) "the time the case is closed or dismissed."

Accordingly, it is

ORDERED that IBM's Motion for summary Judgment be denied.

DONE and ORDERED.