In re Mario W. CARDULLO and Karen M. Cardullo, Debtors.

Mario W. CARDULLO and Karen M. Cardullo, Plaintiffs,

v.

DWYER MECHANICAL CORPORATION, now William Dwyer Properties, Ltd., Defendant.

Bankruptcy No. 88–00856–AB.
Adv. No. 91–1289–AB.

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

July 8, 1992.

Alan Rosenblum, Rosenblum and Rosenblum, Alexandria, Va., for plaintiffs.

Gerald M. O'Donnell, Alexandria, Va., for defendant.

## MEMORANDUM OPINION

MARTIN V.B. BOSTETTER, Jr., Chief Judge.

The issue before the Court is whether the two year statute of limitations set forth in 11 U.S.C. § 546(a)(1) applies to a preference action brought by a debtor-in-possession. For the reasons stated herein, we hold that it does not.

On April 28, 1988, Mario W. Cardullo and Karen M. Cardullo (collectively, the "Debtors") filed a voluntary petition under Chapter 11 of the Bankruptcy Code. Within 90 days prior to such filing, Dwyer Mechanical Corporation (the "Defendant") docketed a $10,400 judgment against the Debtors in the land records of the City of Alexandria thereby obtaining a judgment lien against certain property owned by the Debtors (the "Judgment Lien"). Since the filing of their petition, the Debtors have operated as debtors-in-possession and no trustee has been appointed.

On August 28, 1991, the Debtors filed a complaint against the Defendant seeking to avoid the Judgment Lien as a preferential transfer pursuant to 11 U.S.C. § 547(b) in that it occurred within 90 days prior to the filing of the Debtors' bankruptcy petition.

On September 25, 1991, the Defendant filed an answer asserting as an affirmative defense that the Debtors' action is time-barred by the statutory limitation found in 11 U.S.C. § 546(a)(1) due to the fact that the action was commenced more than two years after the filing of the petition and the concurrent entry of the order for relief. On November 12, 1991, the Debtors filed a motion for summary judgment.

Summary judgment must be rendered if "the pleadings, depositions, answers to in-

terrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The Debtors and the Defendant have stipulated to the facts and agreed that the only issue to be determined is whether the two year statute of limitations set forth in Section 546(a)(1) applies to a preference action brought by a debtor-in-possession.

Section 546(a) provides in relevant part as follows:

An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—

(1) two years after the appointment of a trustee under section 702, 1104, 1163, 1302, or 1202 of this title; or

(2) the time the case is closed or dismissed.

The Debtors contend that, on its face, Section 546(a) does not bar them from commencing this adversary proceeding against the Defendant in that a trustee has not been appointed and the case has not been closed or dismissed. The Debtor relies, in part, upon *Korvettes, Inc. v. Sanyo Electric, Inc. (In re Korvettes, Inc.)*, 67 B.R. 730, 733 (S.D.N.Y.1986), for the proposition that where a debtor is in possession under Chapter 11 and no trustee has been appointed, the two year statute of limitations does not begin to run unless and until a trustee is appointed.

The Defendant, on the other hand, relies upon *Zilkha Energy Co. v. Leighton*, 920 F.2d 1520, 1524 (10th Cir.1990), wherein the United States Court of Appeals for the Tenth Circuit stated that, because of the "virtual identity of function between a trustee and a debtor-in-possession," there is no reason to create two different time limitations for the filing of actions. In addition, the court in *Zilkha* stated that "[w]e do not believe that Congress intended to limit actions filed by an appointed trustee to two years without making the same restriction apply to a debtor in possession who is the functional equivalent of an appointed trustee." *Id.* The *Zilkha*

court therefore held that Section 546(a)(1) applies to actions filed by a debtor-in-possession and that the limitation period begins to run upon the filing of the Chapter 11 petition. *Id.*

After due deliberation we adopt the rule of many courts that have carefully considered, but rejected, the analysis set forth in *Zilkha*, and hold that the two year statute of limitations in Section 546(a)(1) does not apply to a debtor-in-possession. *See Pate v. Hunt (In re Hunt)*, 136 B.R. 437, 447 (Bankr.N.D.Tex.1991) ("If it had intended for the word 'trustee' to apply to a debtor-in-possession ..., Congress could have made it clear by including the words 'debtor-in-possession' or referring to the 'date of the petition'."); *In re Allegheny Int'l, Inc.*, 136 B.R. 396, 399 (Bankr. W.D.Pa.1991) ("We find that the two (2) year statute of limitations does not apply to a Chapter 11 debtor-in-possession."); *Pullman Constr. Indus., Inc. v. Nat'l Steel Service Center (In re Pullman Constr. Indus.)*, 132 B.R. 359, 360 (Bankr.N.D.Ill. 1991) ("Most courts which have addressed this issue, as well as a leading bankruptcy treatise, hold with persuasive reasoning that debtors in possession are not subject to the two-year statute of limitations that applies to trustees."); *Katon v. Int'l Bank of Miami, N.A. (In re Tamiami Range & Gun Shop, Inc.)*, 130 B.R. 617, 619 (Bankr. S.D.Fla.1991) ("The statute of limitations applicable to the debtor-in-possession 'trustee' is 11 U.S.C. § 546(a)(2) 'the time the case is closed or dismissed.' ").

The language of Section 546(a) is clear on its face. Section 546(a) provides that the statute of limitation period does not begin to run until (a) two years after a trustee is appointed or (b) the case is closed or dismissed. The Supreme Court has stated that where the language of a statute is plain the court's sole function is to enforce it according to its terms. *United States v. Ron Pair Enter., Inc.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989), *citing Caminetti v. United States*, 242 U.S. 470, 485, 37 S.Ct. 192, 194, 61 L.Ed. 442 (1917). Because the language of Section 546(a) is unambiguous, this Court

**140**

should not and will not examine the intent of Congress with respect to its meaning. "[Where] the language of the statute is free from ambiguity ... its plain meaning is to be accepted without resort to the rules of interpretation." *Athens Stove Works, Inc. v. Fleming (In re Boggs–Rice Co., Inc.)*, 66 F.2d 855, 858 (4th Cir.1933).

Although the Bankruptcy Code contemplates, under certain sections, that a debtor-in-possession plays the same role as that of a trustee, that is clearly not the case in Section 546(a)(1). Section 546(a)(1) specifies that the two year statute of limitations begins to run when a *trustee* is *appointed* under Sections 702, 1104, 1163, 1302 or 1202. A debtor-in-possession is not appointed under the Bankruptcy Code. Hence, Section 546(a)(1) applies only to trustees and not to debtors-in-possession. *See N.L.R.B. v. Bildisco and Bildisco*, 465 U.S. 513, 517, n. 2, 104 S.Ct. 1188, 1192, n. 2, 79 L.Ed.2d 482 (1984) ("the term debtor in possession is not fully interchangeable with the term trustee in bankruptcy under the Bankruptcy Code....").

We disagree with the *Zilkha* rationale that Section 546(a)(1) should apply to both debtors-in-possession and trustees because both entities function in virtually the same manner. Although both debtors-in-possession and trustees are fiduciaries to the estate, they have different functions and focus their attention on different goals. *Hunt,* 136 B.R. at 447–448. A debtor-in-possession is primarily concerned with creating a plan of reorganization that will be acceptable to creditors. *Id.* at 448. "Limiting a debtor in possession to a two-year statute of limitations within which to file actions under §§ 544, 545, 547 and 553 would hinder its ability to negotiate a consensual plan of reorganization." *Pullman,* 132 B.R. at 361. The Defendant's argument that a debtor-in-possession is the *functional equivalent of a trustee for purposes of Section 546(a) would force the debtor-in-possession to sue those creditors with whom it is trying to negotiate a plan of reorganization. *Hunt,* 136 B.R. at 448.

Accordingly, for the reasons stated herein, the Debtors' motion for summary judg-ment is granted. An appropriate order will be entered.