In re Philip David KNAPP, Debtor.

Philip David KNAPP, Plaintiff,

v.

Margaret E. APPLEWHITE and
5–Points Package Store,
Inc., Defendants.

Bankruptcy No. 87–2069–BKC–3P1.

Adv. No. 91–1215.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Oct. 20, 1992.

Albert H. Mickler, Jacksonville, Fla., for plaintiff.

Granville C. Burgess, Fernandina Beach, Fla., for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This adversary proceeding is before the Court on motions for summary judgment of the parties. Plaintiff seeks summary judgment against defendant Margaret Applewhite on Count III. Defendants move for summary judgment against plaintiff on Count I. A hearing was held on June 2, 1992, and upon the evidence presented, the

Court makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

In 1985 Thomas Applewhite loaned plaintiff $50,000.00. Plaintiff used the money to finance the purchase of investment real estate.

In September of 1986, Thomas Applewhite lent plaintiff an additional $150,000.00, bringing the total loan to $200,000.00.

In June of 1987, Thomas Applewhite and plaintiff agreed that Thomas Applewhite's corporation would purchase a liquor store in which plaintiff had a controlling interest. In lieu of full payment of the purchase price, Thomas Applewhite was to set-off the price against the debt owed to him by plaintiff.

Thus, on June 25, 1987, Nassau Lounges, Inc. and APPKAPP, Inc. sold a business enterprise known as "5–Points Liquor Store" to a corporation known as "5–Points Liquor Store, Inc."

At all times pertinent to the sale, plaintiff was the majority shareholder and controlled the selling corporations, Nassau Lounges, Inc. and APPKAPP, Inc.

During the same time frame, Thomas Applewhite and the defendant were husband and wife and together formed the majority shareholders of 5–Points Liquor Store, Inc. Thomas Applewhite owned one-third (1,000 shares) of the outstanding stock of the corporation in his sole name. Defendant Margaret Applewhite owned an additional one-third of the shares in her name.

As part of the sale, plaintiff agreed that the selling corporations would give 5–Points Liquor Store, Inc. a credit of $275,000.00 towards payment of the debt owed by plaintiff to Thomas Applewhite.

The sale was consummated and 5–Points Liquor Store, Inc. received business assets valued at approximately $400,000.00 for which it paid approximately $150,000.00 in cash.

On December 21, 1987, plaintiff filed a chapter 11 petition for relief.

Plaintiff then filed an adversary proceeding against Thomas Applewhite seeking to recover based on an alleged preferential transfer arising out of the sale. This Court entered Judgment for plaintiff for $275,000.00 on August 28, 1990.

Subsequent to entry of the Judgment, Thomas Applewhite transferred his shares of 5–Points Liquor Store, Inc. to defendant Margaret Applewhite. The transfer was made as a gift and no consideration was given.

At the time of the transfer, Thomas Applewhite owed plaintiff for the $275,000.00 Judgment and had no substantial assets.

On July 21, 1991, plaintiff filed this proceeding and an amended complaint was filed on December 23, 1991. Count I alleged a fraudulent transfer under § 548 and sought to recover the business assets from 5–Points Liquor Store, Inc. Count II was brought against defendant Margaret Applewhite and sought to avoid a post-petition transfer pursuant to § 549. Count III was also brought against defendant Margaret Applewhite and alleged a fraudulent transfer under FLA.STAT. ch. 726.105 as made applicable through § 544(b).

## CONCLUSIONS OF LAW

Summary judgment is appropriate where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. F.R.B.P. 7056. The facts are relatively clear and no material issue exists. Thus, the Court must separately consider each of the two summary judgment motions before it.

### 1. Defendants' Motion for Summary Judgment

The defendants filed a Motion for Summary Judgment with respect to Count I of the amended complaint. Count I seeks to recover from defendant 5–Points Liquor Store, Inc. a fraudulent transfer pursuant to §§ 548 and 550.

■ Section 546 provides the time periods for when a § 548 fraudulent conveyance suit may be filed:

(a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—

(1) two years after the appointment of a trustee under section 702, 1104, 1163, 1302, or 1202 of this title; or

(2) the time the case is closed or dismissed.

The courts are divided on whether § 546(a)(1) applies to a debtor-in-possession in a chapter 11 case. On the one hand, some courts find that the section does not apply because no trustee has been appointed. *Cardullo v. Dwyer Mechanical Corp.*, 142 B.R. 138 (Bankr.E.D.Va.1992); *Pullman Constr. Industries, Inc. v. National Steel Service Center*, 132 B.R. 359 (Bankr. N.D.Ill.1991); *In re Tamiami Range & Gun Shop, Inc.*, 130 B.R. 617, 618–19 (Bankr.S.D.Fla.1991).

However, other courts hold that because the debtor-in-possession is considered the trustee, § 546(a)(1) applies to such entity. *Zilkha Energy Co. v. Leighton*, 920 F.2d 1520 (10th Cir.1990); *In re Freedom Ford, Inc.*, 140 B.R. 585 (Bankr.M.D.Fla.1992); *Sparmal Enterprises, Inc. v. Moffit Realty Corp.*, 126 B.R. 559 (S.D.Ind.1991); *In re Coastal Group, Inc.*, 125 B.R. 730 (Bankr.D.Del.1991). This Court agrees with this view.

In a chapter 11 case, the term "trustee" includes a debtor-in-possession. F.R.B.P. 9002(11). Thus the reference to a trustee in § 546 includes a debtor-in-possession. This conclusion is further bolstered by § 1107(a) which states that a debtor-in-possession has all the rights and powers of a trustee serving in chapter 11 case and is subject to any of the same limitations. Section 546 specifically limits a trustee appointed under § 1104, consequently such limit applies equally to a debtor-in-possession.

■ In the case at bar, plaintiff filed a chapter 11 petition on December 18, 1987, and, as the debtor-in-possession, filed this adversary proceeding on July 29, ·1991. Thus, plaintiff commenced this proceeding more than two years after the creation of his status as a debtor-in-possession and Count I is barred by § 546(a)(1).

### 2. Plaintiff's Motion for Summary Judgment

Plaintiff seeks entry of summary judgment against defendant Margaret Applewhite with respect to Count III of the amended complaint. Count III seeks to avoid the transfer of stock under § 544(b) and FLA.STAT. ch. 726.105.

Section 544(b) provides in pertinent part:

(b) The trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title.

The applicable law that the trustee seeks to apply in this proceeding is FLA.STAT. ch. 726.105 which provides:

(1) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:

(a) With actual intent to hinder, delay, or defraud any creditor of the debtor; or

(b) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:

1. Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or

2. Intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

Under § 544(b) the trustee is given the power to avoid transfers which are avoidable under "applicable" law. Applicable law has consistently been held to include state law. *In re Robbins*, 91 B.R. 879, 883 (Bankr.W.D.Mo.1988); *In re Hescon Devel-*

*opers, Inc.*, 81 B.R. 26, 30 (Bankr.S.D.Cal. 1987).

Thus the Court must evaluate the merits of the state fraudulent conveyance claim. Subsection (2) of the Florida statute outlines a number of factors to be considered in determining whether actual intent to hinder, delay or defraud creditors exists.

(2) In determining actual intent under paragraph (1)(a), consideration may be given, among other factors, to whether:

(a) The transfer or obligation was to an insider.

(b) The debtor retained possession or control of the property transferred after the transfer.

(c) The transfer or obligation was disclosed or concealed.

(d) Before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit.

(e) The transfer was of substantially all the debtor's assets.

(f) The debtor absconded.

(g) The debtor removed or concealed assets.

(h) The value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred.

(i) The debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred.

(j) The transfer occurred shortly before or shortly after a substantial debt was incurred.

(k) The debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

FLA.STAT. ch. 726.105(2).

■ Examining the statutory factors, the Court finds that of the eleven factors, eight work against the defendant, only two work in her favor, and one is not applicable. The following factors confirm that a fraudulent transfer was made:

1. The transfer was from Thomas Applewhite to the defendant, his wife and an insider.

2. Because the conveyance was made to Thomas Applewhite's wife, he presumably retained a degree of control over the transferred shares of stock.

3. The transfer was made shortly after a $275,000.00 Judgment was entered against Thomas Applewhite.

4. The transfer involved Thomas Applewhite's only significant asset.

5. The transfer removed a significant asset from the reach of Thomas Applewhite's creditors.

6. The transfer was made as a gift and defendant paid no consideration for one-third of the shares of a corporation with assets valued at approximately $400,000.00.

7. At the time of the transfer, Thomas Applewhite had no substantial assets and owed plaintiff $275,000.00, thus, he was insolvent for all practical purposes when the transfer was made.

8. The transfer was made subsequent to entry of a Judgment of $275,000.00 against Thomas Applewhite.

No evidence was presented indicating that Thomas Applewhite concealed the transfer to defendant Margaret Applewhite. In addition, he has not absconded. These factors mitigate against finding that a fraudulent conveyance was made.

The last factor deals with a transfer to an insider via a lienor and, therefore, is not applicable to this proceeding.

The evidence demonstrates that the transfer, to an insider, was of substantially all of Thomas Applewhite's assets for only nominal value while he was insolvent and shortly after entry of a sizeable judgment against him. These factors constitute sufficient grounds to find, under FLA.STAT. ch. 726.105(1)(a), that a fraudulent conveyance has occurred. *See In re Steele*, 79 B.R. 503, 505 (Bankr.M.D.Fla.1987).

■ Finally, plaintiff seeks to have personal liability assessed against defendant for the avoided transfer pursuant to 11 U.S.C. § 550, which provides:

(a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—

> (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made....

In the case at bar, plaintiff is entitled to recover the one thousand shares of stock for the benefit of the estate because 1) the transfer to defendant Margaret Applewhite is avoided under § 544(b) and 2) she was the initial transferee of the interest.

### Conclusion

Plaintiff, having filed a chapter 11 petition on December 21, 1987, and this adversary proceeding on July 21, 1991, failed to comply with the statutory limitations of § 546(a)(1) with regard to Count I. Accordingly, the Court will enter summary judgment for defendants on Count I.

The transfer of Thomas Applewhite's interest in the stock shares to defendant Margaret Applewhite was a fraudulent conveyance under FLA.STAT. ch. 726.105 and, therefore, avoidable pursuant to § 544(b). The transfer having been avoided, § 550 permits recovery of the interest from defendant Margaret Applewhite because she was the initial transferee. Thus, summary judgment will be entered for plaintiff on Count III.