**In re BROOK MEADE HEALTH CARE CENTER, INC., Debtor.**

**B. Gail REESE, in her capacity as Trustee and Liquidating Agent for Brook Meade Health Care Center, Inc., Plaintiff,**

v.

**FIRST TENNESSEE BANK, N.A., f/k/a Lebanon Bank, Dixie Taylor, Sammy Taylor, Fred Beene and Wilma Beene, Defendants.**

**Bankruptcy No. 91–04724–KL3–11.**
**Adv. No. 393–0380A.**

United States Bankruptcy Court,
M.D. Tennessee.

March 16, 1994.

John H. Rowland, Manier, Herod, Hollabaugh & Smith, Nashville, TN, for B. Gail Reese, Trustee.

Richard B. Gossett, Timothy G. Niarhos, Heiskell, Donelson, Bearman, Adams, Williams & Caldwell, Nashville, TN, for First Tennessee Bank Nat. Ass'n.

T. Larry Edmondson, Nashville, TN, for Dixie Taylor.

Stephen L. Edwards, Nashville, TN, for Fred Beene and Wilma Beene.

### *MEMORANDUM*

KEITH M. LUNDIN, Bankruptcy Judge.

The question presented is whether a Chapter 11 trustee's two-year period within which to commence an avoidance action under 11 U.S.C. § 546(a)(1) is counted from the appointment of the trustee or from the (earlier) filing of the petition. The two years is counted from the appointment of the trustee. The following are findings of fact and conclusions of law. Fed.R.Bankr.P. 7052.

### I

Brook Meade Health Care Center, Inc. filed Chapter 11 on May 10, 1991. On September 18, 1991 the plaintiff was appointed

trustee. On September 15, 1993, the trustee filed this complaint to avoid preferences and fraudulent conveyances.

Defendants Fred and Wilma Beene[1] moved for summary judgment based on the two-year limitation in 11 U.S.C. § 546(a)(1).[2] The defendants argue from 11 U.S.C. §§ 1101[3] and 1107(a)[4] that a Chapter 11 debtor in possession is subject to all limitations upon a Chapter 11 trustee, including the two-year limitation in § 546(a)(1). Defendants reason from this premise that the debtor in possession period is added to the period after appointment of a trustee for purposes of counting the two-year limitation.

II

In the thicket of cases debating whether, how and to whom to apply the two-year limitation on avoiding actions in § 546(a)(1),[5] this is the uncomplicated case. 11 U.S.C. § 546(a) is unambiguous with respect to the period of limitation within which a Chapter 11 trustee must commence an avoiding action. The two-year limitation in § 546(a)(1) begins to run "after the appoint-

1. Defendants First Tennessee Bank National Association and Dixie Taylor were permitted to join in this motion by order dated March 16, 1994.

2. Section 546(a) provides:

An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—

(1) two years after the appointment of a trustee under section 702, 1104, 1163, 1302, or 1202 of this title; or

(2) the time the case is closed or dismissed.

3. 11 U.S.C. § 1101(1) provides:

In this chapter—

(1) "debtor in possession" means debtor except when a person that has qualified under section 322 of this title is serving as trustee in the case.

4. 11 U.S.C. § 1107(a) provides:

(a) Subject to any limitations on a trustee serving in a case under this chapter, and to such limitations or conditions as the court prescribes, a debtor in possession shall have all the rights, other than the right to compensation under section 330 of this title, and powers, and shall perform all the functions and duties, except the duties specified in sections 1106(a)(2), (3), and (4) of this title, of a trustee serving in a case under this chapter.

5. *See, e.g., MortgageAmerica Corp. v. American Fed. Sav. & Loan (In re MortgageAmerica Corp.),* 831 F.2d 97 (5th Cir.1987); *Construction Management Serv., Inc. v. Manufacturers Hanover Trust Co. (In re Coastal Group, Inc.),* 13 F.3d 81 (3d Cir.1994); *Zilkha Energy Co. v. Leighton,* 920 F.2d 1520 (10th Cir.1990); *Upgrade Corp. v. Government Technology Serv., Inc. (In re Softwaire Centre Int'l Inc.),* 994 F.2d 682 (9th Cir.1993); *Ford v. Union Bank (In re San Joaquin Roast Beef),* 7 F.3d 1413 (9th Cir.1993); *Brin–Mont Chem., Inc. v. Worth Chem. Corp. (In re Brin–Mont Chem., Inc.),* 154 B.R. 903 (M.D.N.C.1993); *Sunbeam–Oster Co. v. Lincoln Liberty Ave., Inc. (In re Allegheny Int'l, Inc.),* 145 B.R. 823, 829 (W.D.Pa.1992); *Pullman Constr. Indus. v. Boockford & Co. (In re Pullman Constr. Indus.),* 143 B.R. 497 (N.D.Ill.1992); *In re Korvettes, Inc.,* 67 B.R. 730 (S.D.N.Y.1986); *Grabscheid v. Denbo Iron and Metal, Inc. (In re Luria Steel and Trading Corp.),* 164 B.R. 293 (Bankr.N.D.Ill.1994); *Iron Oak Supply Corp. v. NIBCO, Inc. (In re Iron Oak Supply Corp.),* 162 B.R. 301 (Bankr.E.D.Cal. 1993); *Bonwit Teller, Inc. v. Jewelmasters, Inc. (In re Hooker Inv. Inc.),* 162 B.R. 426 (Bankr. S.D.N.Y.1993); *Official Unsecured Creditors' Comm. v. Leviton Mfg. Co. (In re Electrical Materials Co.),* 160 B.R. 1018 (Bankr.W.D.Mo.1993); *Saccurato v. Shawmut Bank (In re Mars Stores, Inc.),* 150 B.R. 869 (Bankr.D.Mass.1993); *Cardullo v. Dwyer Mech. Corp. (In re Cardullo),* 142 B.R. 138 (Bankr.E.D.Va.1992); *Freedom Ford, Inc. v. Sun Bank and Trust Co. (In re Freedom Ford, Inc.),* 140 B.R. 585 (Bankr.M.D.Fla.1992); *Pate v. Hunt (In re Hunt),* 136 B.R. 437 (Bankr. N.D.Tex.1991); *In re Allegheny Int'l Inc.,* 136 B.R. 396 (Bankr.W.D.Pa.1991); *Pullman Constr. Indus. v. National Steel Svc. Center (In re Pullman Constr. Indus.),* 132 B.R. 359 (Bankr. N.D.Ill.1991); *Mancuso v. Continental Bank (In re Tupcor),* 132 B.R. 119 (Bankr.N.D.Tex.1991); *Katon v. International Bank (In re Tamiami Range & Gun Shop, Inc.),* 130 B.R. 617 (Bankr. S.D.Fla.1991); *Caplan v. United States Brass & Copper (In re Century Brass Products, Inc.),* 127 B.R. 720 (Bankr.D.Conn.1991); *Mahoney, Trocki & Assoc. v. Kunzman (In re Mahoney, Trocki & Assoc.),* 111 B.R. 914, 918 (Bankr.S.D.Cal.1990); *Jet Florida, Inc. v. American Airlines, Inc. (In re Jet Florida System, Inc.),* 73 B.R. 552 (Bankr. S.D.Fla.1987); *Britton v. Fessler & Bowman, Inc. (In re Britton),* 66 B.R. 572 (Bankr.E.D.Mich. 1986); *Stuart v. Pingree (In re Afco Dev. Corp.),* 65 B.R. 781 (Bankr.D.Utah 1986); *Perlstein v. Saltzstein (In re AOV Indus.),* 62 B.R. 968 (Bankr. D.D.C.1986); *Steel, Inc. v. Windstein (In re Steel, Inc.),* 55 B.R. 426 (Bankr.E.D.La.1985); *Alithochrome Corp. v. East Coast Finishing Sales Corp. (In re Alithochrome Corp.),* 53 B.R. 906 (Bankr. S.D.N.Y.1985); *Boatman v. E.J. Davis Co. (In re Choice Vend, Inc.),* 49 B.R. 719 (Bankr.D.Conn. 1985); *Edleman v. Gleason (In re Silver Mill Frozen Foods, Inc.),* 23 B.R. 179 (Bankr. W.D.Mich.1982); *One Mktg. Co. v. Addington & Assoc. (In re One Mktg. Co.),* 17 B.R. 738 (Bankr. S.D.Tex.1982).

ment of a trustee under section 702, 1104, 1163, 1302 or 1202...." This trustee was appointed under 11 U.S.C. § 1104 on September 18, 1991. This action was timely commenced within two years, on September 15, 1993.

It is unnecessary to decide whether the two-year limitation in § 546(a)(1) limits avoidance actions by a Chapter 11 debtor in possession.[6] Even if § 546(a)(1) applies to a debtor in possession, nothing in the language of § 546(a)(1) suggests that the limitation on a debtor in possession would be "tacked" or "added" to calculate the limitation with respect to a subsequently appointed trustee. One court in the Tenth Circuit, bound by *Zilkha* to apply § 546(a)(1) to a Chapter 11 debtor in possession, concluded after careful analysis that a subsequently appointed trustee has two years from the date of appointment in which to commence an avoidance action. *Gillman v. Swire Pacific Holdings, Inc. (In re D–Mart Serv., Inc.)*, 138 B.R. 985 (Bankr.D.Utah 1992). Contrary authority arises in a district in which the bankruptcy judges are (understandably) in disagreement with respect to the proper interpretation of conflicting Ninth Circuit precedents. *Compare Dumas v. Research Testing Lab, Inc. (In re EPI Prod. USA, Inc.)*, 162 B.R. 1 (Bankr.C.D.Cal.1993) (after conversion from Chapter 11 to Chapter 7, two-year limitation in § 546(a)(1) is counted from filing of petition, citing *Ford v. Union Bank (In re San Joaquin Roast Beef)*, 7 F.3d 1413 (9th Cir. 1993)); *with, Daff v. Regal Recovery, Inc. (In re Continental Capital & Credit, Inc.)*, 158 B.R. 828 (Bankr.C.D.Cal.1993) (after conversion from Chapter 11 to Chapter 7, two-year limitation in § 546(a)(1) is counted from appointment of Chapter 7 trustee, citing *Upgrade Corp. v. Government Technology Serv., Inc. (In re Softwaire Centre Int'l, Inc.)*, 994 F.2d 682 (9th Cir.1993)).

The appellate decisions applying § 546(a)(1) after appointment of a trustee are consistent with the view that the two-year limitation is counted from the date of appointment of a trustee, not from the earlier date of filing of the petition. For example, in *MortgageAmerica Corp. v. American Fed. Sav. & Loan (In re MortgageAmerica Corp.)*, 831 F.2d 97 (5th Cir.1987) the Fifth Circuit counted the two years from the appointment of a trustee in 1983 rather than from the commencement of the Chapter 11 case in 1981, observing: "We agree that the limitations period under § 546(a) should commence consistent with the appointment of the trustee through a written order.... As a general rule, commencing the limitations period of § 546(a) on the date of the written order appointing the trustee best furthers the policy of providing litigants with certainty in regard to the time periods in which actions can be prosecuted." Similarly, in *Ford v. Union Bank (In re San Joaquin Roast Beef)*, 7 F.3d 1413 (9th Cir.1993), the Ninth Circuit counted the two years from the appointment of a Chapter 11 trustee in May of 1988, rather than from the filing of the Chapter 11 case in July of 1987. The Ninth Circuit stated: "... the most logical interpretation of § 546(a) is that the statute of limitations begins running from the date the first trustee is appointed...."

An appropriate order will be entered.

### ORDER

For the reasons stated in the memorandum filed contemporaneously herewith, IT IS ORDERED, ADJUDGED and DECREED that the defendants' motion for summary judgment is denied.

IT IS SO ORDERED.

---

6. *See, e.g., Zilkha Energy Co. v. Leighton*, 920 F.2d 1520 (10th Cir.1990); *Construction Management Serv., Inc. v. Manufacturers Hanover Trust Co. (In re Coastal Group, Inc.)*, 13 F.3d 81 (3d Cir.1994); *Upgrade Corp. v. Government Technology Serv., Inc. (In re Softwaire Centre Int'l Inc.)*, 994 F.2d 682 (9th Cir.1993).