In re JOHN HICKS OLDSMOBILE–
GMC TRUCK, INC., Debtor.

Jerry FARINASH, Trustee, Plaintiff,

v.

NATIONSBANK OF TENNESSEE, N.A.,
f/d/b/a Sovran Bank, Defendant.

Jerry FARINASH, Trustee, Plaintiff,

v.

GLOBE LIFE INSURANCE
COMPANY, Defendant.

Nos. 1:94–CV–482, 1:94–CV–511.

United States District Court,
E.D. Tennessee,
Chattanooga.

Jan. 23, 1996.

Gerald D. Farinash, Trustee, Kennedy, Fulton & Koontz, Chattanooga, TN.

Gary R. Patrick, Patrick, Beard & Richardson, P.C., Chattanooga, TN, for Nationsbank of Tennessee and John Hicks Oldsmobile–GMC Truck, Inc.

## *MEMORANDUM*

COLLIER, District Judge.

These consolidated cases involve appeals by Gerald D. Farinash (Farinash), Chapter 7 Trustee, from a November 2, 1994 memorandum and order (the Order) by the United

States Bankruptcy Court for the Eastern District of Tennessee (Cook, J.) dismissing adversary proceeding complaints filed by Farinash against appellees Globe Life Insurance Company and Nationsbank.

Because Judge Cook's orders were final orders dismissing the adversary action, this Court has jurisdiction to consider this appeal. 28 U.S.C. § 158.[1] In determining the trustee's appeal, the Court reviews the Bankruptcy Court's findings of fact under a clearly erroneous standard, but conducts a *de novo* review of the Bankruptcy Court's conclusions of law. *Federal Rules of Bankruptcy Procedure* 8013; *In re Isaacman*, 26 F.3d 629 (6th Cir.1994); *Harbour Lights Marina v. Wandstrat*, 153 B.R. 781 (S.D.Ohio 1993). However, matters within the discretion of the Bankruptcy Court may be overturned only for an abuse of discretion. *Fed.R.Bankr.P.* 8013; *American Imaging Services, Inc. v. Eagle–Picher Industries, Inc. (In re Eagle–Picher Industries, Inc.)*, 963 F.2d 855, 858 (6th Cir.1992). *Accord Investors Credit Corp. v. Batie*, 995 F.2d 85, 88 (6th Cir.1993).

## I. BACKGROUND

The record reveals the following material facts. On November 21, 1991, the debtor, John Hicks Oldsmobile–GMC Truck, Inc. filed its voluntary Chapter 11 petition. On March 18, 1992, the appellant, Gerald D. Farinash, was appointed the Chapter 11 trustee. The Chapter 11 case was converted to a Chapter 7 case on July 14, 1992. On July 14, 1992, Farinash was appointed the debtor's Chapter 7 trustee. On June 16, 1994, the trustee commenced an adversary proceeding against Nationsbank of Tennessee, pursuant to 11 U.S.C. §§ 544, 547 and 548, seeking recovery of alleged preferences. There is no dispute that the trustee brought this adversary proceeding within two years of being appointed Chapter 7 trustee, but more than two years after his appointment as Chapter 11 trustee.

Nationsbank filed a motion to dismiss the adversary proceeding on the grounds that the statute of limitations contained in 11 U.S.C. § 546(a) bars the complaint. Ruling on the motion, the Bankruptcy Court held that under 11 U.S.C. § 546(a)(1), the two-year limitation period begins to run when the first trustee is appointed under any chapter and that appointment of the same or a new trustee under another chapter does not start a new two-year period. Accordingly, the Bankruptcy Court found that the limitations period in this case began to run on March 18, 1992, and expired two years later, about three months before this action was filed.

A similar adversary action was filed against Globe Life. The Bankruptcy Court's order also applied to that case. Accordingly, an appeal was taken by the trustee to that decision. The two cases were consolidated for purposes of appeal.

## II. DISCUSSION

The statute at issue in this case, *i.e.,* 11 U.S.C. § 546(a) provides:

An action or proceeding under section 544, 545, 547, 548, or 556 of this title may not be commenced after the earlier of—

(1) two years after the appointment of a trustee under sections 702, 1104, 1163, 1302, or 1202 of this title; or

(2) the time the case is closed or dismissed.

In a very thorough, cogent, well written and well reasoned memorandum opinion, Bankruptcy Judge Cook set out his decision. He discussed the conflicting lines of authority in the lower federal courts,[2] the policy reasons supporting the divergent viewpoints and the recent amendment of section 546(a) contained in the *Bankruptcy Reform Act of 1994.* Pub.L. 103–394, § 216, 108 Stat. 4106, 4126–27 (1994). The Bankruptcy Judge read the amendment as clarifying section 546(a). He took the amendment into consideration in

---

1. Section 158 provides in pertinent part:

(a) The district courts of the United States shall have jurisdiction to hear appears from final judgments, orders, and decrees....

2. The Court finds it unnecessary to set out the conflicting decisions. Rather, the Court will rely upon the comprehensive list found in *In re Brook Meade Health Care Center*, 165 B.R. 195 (Bankr. M.D.TN.1994), and in Judge Cook's decision.

reaching his decision as to the correct construction of section 546.

In its opinion, the Bankruptcy Court also found that the trustee knew of the existence of the possible cause of action prior to the running of the statute.

■ In construing a statute, the initial starting point is the language of the statute itself. *Baum v. Madigan*, 979 F.2d 438, 441 (6th Cir.1992). The language of a statute is presumed to be used in its ordinary and usual sense. *Id.* The statute should be read to give meaning and effect to the purpose of the statute. Reading the statute as a whole, this Court is of the opinion the most logical and reasonable construction of the statute is that it begins to run from the time of the appointment of the first trustee, and that all subsequent trustees are subject to that same two-year period. The Court does not find that the construction urged by Farinash is implausible, but is of the opinion the statute is strained to obtain that construction.

■ The Court notes that reading the statute as a whole, it is clear the statute is aimed at limiting the trustee's ability to pursue certain actions. Nothing in the statute itself indicates a motivation to facilitate the trustee's ability to administer a bankruptcy estate, or to pursue recoveries. Emphasis in the statute is on foreclosing actions.

As Judge Cook noted, the case law is split on this issue. However, this split only exists in the lower courts. Only two circuit courts have had occasion to address this issue, and they both have decided that section 546(a) provides for only one continuous limitation period that starts with the appointment of the first trustee. *McCuskey v. Central Trailer Services, Ltd.,* 37 F.3d 1329 (8th Cir. 1994); and *In re San Joaquin Roast Beef,* 7 F.3d 1413 (9th Cir.1993). The Eighth Circuit in *McCuskey* devoted considerable time setting forth the rationale for its decision. *Id.* at 1330–1334. This case is very instructive to this Court, and the Court agrees with its reasoning. *McCuskey* lends additional support for the Court's opinion that Judge Cook's decision was correct.

■ Lastly, Farinash challenges the Bankruptcy Court's consideration of the recent amendment to section 546. The trustee argues Judge Cook's consideration of the amendment was improper. He contends only legislative history of the Congress that enacted the statute in question may be considered. Since this Court has decided that a plain reading of the statute comports with Judge Cook's decision, it is unnecessary for the Court to discuss this issue. However, the Court would make two observations. First, it is clear that when Judge Cook's decision is read in context, his decision was not based solely on the recent amendment. Secondly, as set out in the Bankruptcy Court's opinion, there is considerable and persuasive authority for considering an amendment to a statute where the amendment was intended to clarify the law, not change the law. *Seatrain Shipbuilding Corp. v. Shell Oil Co.,* 444 U.S. 572, 100 S.Ct. 800, 63 L.Ed.2d 36 (1980); *Morgan Guaranty Trust Co. v. American Savings & Loan Assn.,* 804 F.2d 1487 (9th Cir.1986).

In *Seatrain Shipbuilding,* the Supreme Court stated the rule,

> And while the views of subsequent Congresses cannot override the unmistakable intent of the enacting one ... such views are entitled to significant weight ... and particularly so when the precise intent of the enacting Congress is obscure. (Internal citations omitted).

444 U.S. at 596, 100 S.Ct. at 814.

No error was committed by the Bankruptcy Court's consideration of the recent amendment.

## III.  CONCLUSION

Considering the foregoing, the Court will **AFFIRM** the Bankruptcy Court's decision. An Order will enter.