In re ELECTRICAL MATERIALS COMPANY, Debtor.

The OFFICIAL UNSECURED CREDITORS' COMMITTEE, Plaintiff,

v.

LEVITON MANUFACTURING CO., INC., Defendant.

Bankruptcy No. 91–41980–1.
Adv. No. 93–4094.

United States Bankruptcy Court, W.D. Missouri.

Nov. 17, 1993.

Steven R. Anderson, Levy & Craig, Kansas City, MO, for plaintiff.

John T. Coghlan, Morrison & Hecker, Kansas City, MO, for defendant.

## MEMORANDUM OPINION AND ORDER

KAREN M. SEE, Bankruptcy Judge.

Plaintiff, The Official Unsecured Creditors' Committee, filed a preference action against Defendant Leviton Manufacturing Company, Inc. Leviton filed a motion to dismiss, alleging that the Committee was not a proper party to bring the complaint and the complaint was barred by the two year limitation period in 11 U.S.C. § 546(a)(1). The court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157(b)(2)(F). The court concludes the Committee is a proper party to file the action and it is not barred by a two year limitations period.

### I. FACTS

Debtor filed a Chapter 11 case on June 14, 1991. A trustee has never been appointed and the case has not been closed or dismissed. The Creditors Committee was formed on June 28, 1991. Defendant Leviton was appointed a member of the Committee and to date continues to be a member.

An order confirming a reorganization plan was filed on April 15, 1992. The plan provided that debtor would pursue avoidance actions, but that in the event of default under the plan the Committee or another party could pursue the actions. The plan provided that the bankruptcy court retained comprehensive jurisdiction, including in part to hear and determine all actions and proceedings brought by debtor, arising in or relating to debtor's reorganization case or any issue arising under the Bankruptcy Code; to hear and determine any action or proceeding brought by debtor including, but not limited to, actions pursuant to § 547; to consider any modification of the plan pursuant to § 1127 or § 1101(2); and to hear and determine such matters and make such orders as are consistent with the plan and as may be necessary or desirable to carry out the provisions thereof. The plan also provided that debtor could propose amendments or modifications to the plan at any time before confirmation or after confirmation.

After confirmation, records were examined to identify potential preferences. Thereafter, debtor indicated it was unwilling to file preference actions against certain creditors with whom it intended to continue doing business. Debtor argued that such actions would harm debtor's ability to perform under its plan because those critical suppliers would stop doing business with debtor and the estate would not be able to generate income.

The Creditors Committee filed a motion to compel debtor to file avoidance actions or in the alternative, to authorize the Committee to maintain the actions. On June 8, 1993 the court entered an order allowing the Committee to file enumerated preference actions on behalf of the estate because debtor was unwilling to file them. On July 2, 1993, a Notice of Intent to File Order on Distribution of Recoveries from Preference Actions Prosecuted by Debtor and Official Unsecured Creditors' Committee was mailed to all interested parties and they were given an opportunity to object to the proposed order. Attached to the Notice was a document titled Supplemental Order on Motion of Creditors' Committee to Commence and Prosecute Preference Actions. No objections were filed to the proposed order authorizing the Creditors' Committee to file enumerated preference actions. On June 14, 1993, the Committee sued Leviton, a member of the Creditors' Committee, for an alleged preference.

### II. PROPER PARTY

Leviton contends the Committee is not a proper party with standing to file the action because the plan provides that debtor may pursue preference actions. Subsequent

to plan confirmation, the court entered an order authorizing the Committee to commence preference actions on behalf of debtor. "Where no trustee has been appointed and the debtor in possession has not exercised its avoidance powers," one option for creditors is to "petition the court to compel the debtor-in-possession to act or to gain court permission to institute the action itself." *Nebraska State Bank v. Jones*, 846 F.2d 477, 478 (8th Cir.1988). Pursuant to the June 8, 1993 order, the Committee is a proper party to maintain the action.

■ The fact that the order was entered after confirmation makes no difference. Debtor's unwillingness to file certain actions was a development which arose after confirmation after the preference investigative work revealed potential preferences to creditors debtor felt it could not sue if it wanted to continue in business. It would be unfair to deprive the estate's creditors of recoverable funds because of the timing of debtor's attack of unwillingness. Filing of the action by the Committee rather than the debtor does not prejudice the defendant or any other party. No reason has been presented why, if good cause has been demonstrated, the Committee should be able to obtain authorization to prosecute avoidance actions only before confirmation and not after confirmation.

In addition, numerous plan provisions, as referenced in the fact section above, support the validity of the order authorizing the Committee to file actions after debtor refused to do so. The order falls within the plan provision for the court to make such orders as are consistent with the plan and as may be necessary or desirable to carry out the provisions thereof. As noted earlier, permitting the Committee to file the actions did not prejudice any party and was consistent with the spirit and intent of the plan. The order authorizing the Committee to file the actions can also be considered a modification of the plan as permitted by the plan and the Bankruptcy Code. The proposed order was noticed out to creditors and no party, including Leviton, objected. Finally, the plan provided that the Committee could maintain avoidance actions if debtor defaulted.

■ The Committee asserts Leviton is estopped from contesting the Committee's status as a proper party because Leviton, as a Committee member, was given the opportunity to be involved in the decision to pursue preferences and to file the motion to either compel debtor to file the actions or permit the Committee to file them. The Committee also contends Leviton is estopped from objecting now because it did not object to entry of the order authorizing the Committee to proceed when the proposed order was noticed out in order to give creditors and interested parties an opportunity to object.

The Committee's argument has merit. At the least, Leviton's position is awkward because it gives the appearance that before Leviton was sued, Leviton, as a Committee member, supported the Committee's standing as a proper party when the Committee sought authorization to recover preferences. Moreover, Leviton was presented the opportunity to object to the proposed order authorizing the Committee to act in the debtor's stead, yet Leviton failed to file any objection at that time.

For the above reasons, the court concludes the Committee was a duly authorized party with standing to maintain the preference actions. In addition, it appears that Leviton's objection to the Committee's authority and standing is belated since it was given the opportunity to object but failed to do so when the order authorizing the Committee to act was entered in June, 1993.

### III. APPLICATION OF § 546(a)(1) TO DEBTOR IN POSSESSION

■ Leviton contends the action is time-barred under § 546(a)(1) because the Committee allegedly filed the action more than two years after debtor filed its bankruptcy petition. The court concludes § 546(a) is not applicable. Section 546(a) provides:

"(a) An action or proceeding under section 544, 545, 547, 548 or 553 ... may not be commenced after the earlier of—

(1) two years after the appointment of a trustee under section ... 1104 ...; or

(2) the time the case is closed or dismissed."

Section 546(a) imposes a limitation period to file avoidance actions of two years after appointment of a trustee or when the case is closed or dismissed, whichever occurs first. Section 546(a) expressly references only trustees appointed pursuant to § 1104 (or sections for appointment of trustees in other chapters). Thus, where a trustee has not been appointed the two year period does not begin to run. If no trustee is appointed in a Chapter 11 case, the only time limit on filing avoidance actions by a debtor in possession is the "time the case is closed or dismissed" under § 546(a)(2). In the present case, no trustee has been appointed and the case has not been closed or dismissed.

■ Most cases considering this issue have held the two year period for trustees does not apply to a debtor in possession asserting avoidance powers. *See, e.g., In re Korvettes, Inc.,* 67 B.R. 730, 733–34 (Bankr. S.D.N.Y.1986); *In re Century Brass Products, Inc.,* 127 B.R. 720, 721 (Bankr.Conn. 1991); *see also* 4 Lawrence P. King et al., *Collier on Bankruptcy,* ¶ 546.02[2], at 546–11 (15th ed. 1993); 2 David G. Epstein et al., *Bankruptcy,* § 6–83, at 211 (1992); *cf. In re Burstein–Applebee Co.,* 30 B.R. 779, 781 (Bankr.W.D.Mo.1983) (trustee appointed under § 1104 was barred by § 546(a)(1) after two years). In addition, § 546(a)(1) does not apply to avoidance actions by a creditors committee if there is a debtor in possession but no trustee. *Steel, Inc. v. Windstein,* 55 B.R. 426, 430 (Bankr.E.D.La.1985).

However, two recent circuit cases, *In re Softwaire Centre International, Inc.,* 994 F.2d 682 (9th Cir.1993), and *Zilkha Energy Co. v. Leighton,* 920 F.2d 1520 (10th Cir. 1990), hold that § 546(a)(1) applies to debtors in possession as well as trustees despite express statutory language referencing only trustees appointed under § 1104. *Softwaire* and *Zilkha* hold that debtors in possession are bound by the two year period because § 1107(a) gives a debtor in possession all the rights and limitations of a Chapter 11 trustee. Under these cases, the limitation period begins to run when the debtor in possession is created, at the time the bankruptcy petition is filed and an order for relief is entered.

## A. Statutory Construction

*Softwaire* states, "[i]n expounding a statute, we must not be guided by a single sentence or member of a sentence, but look to the provision of the whole law, and to its object and policy." 994 F.2d at 683 (quoting *Kelly v. Robinson,* 479 U.S. 36, 43, 107 S.Ct. 353, 357–58, 93 L.Ed.2d 216 (1986), stating that the statutory language is only the starting point). However, the general admonition to look to the provision of the whole law is not cause to disregard the express language of § 546(a)(1) which references only trustees appointed pursuant to § 1104 and not debtors in possession. "[I]n the absence of a clearly expressed legislative intent to the contrary, [unambiguous statutory] language must ordinarily be regarded as conclusive." *Reves v. Ernst & Young,* —— U.S. ——, ——, 113 S.Ct. 1163, 1169, 122 L.Ed.2d 525 (1993).

■ Appointment of a trustee under § 1104 is specified in § 546(a)(1), and the debtor in possession is not a trustee appointed under § 1104, even though § 1107 gives the debtor in possession the powers and limitations of a trustee. Section 546(a)(1) is not ambiguous. *In re Hunt,* 136 B.R. 437, 447 (Bankr.N.D.Tex.1991); *but see Sparmal Enterprises, Inc. v. Moffit Realty Corp.,* 126 B.R. 559, 561 (S.D.Ind.1991). *Softwaire Centre* and *Zilkha* both rely heavily on § 1107(a). Section 1107 gives a debtor in possession the powers and limitations of a trustee, but it should not be applied to override specific statutory language addressing only appointed trustees.

Finally, as *Korvettes,* 67 B.R. at 733, points out, despite several existing cases holding that the § 546(a)(1) period does not begin to run until a trustee is appointed, Congress failed to change that section when it amended the Bankruptcy Code in 1984. If Congress had disagreed with case law interpretations of § 546(a)(1), it could have easily clarified the matter by amending the statute to include debtors in possession along with appointed trustees.

## B. Policy Reasons

During the time after a Chapter 11 case is filed and surrounding confirmation proceedings, the energies and resources of a debtor

in possession are devoted to keeping the business afloat, devising a plan, and negotiating with creditors to support pre-confirmation operations and the plan. In many cases, debtors will not be sufficiently stabilized and able to turn attention to avoidance actions until after confirmation. In some large Chapter 11 cases, if the debtor in possession were bound by the same two year limitation period as trustees, the time to file avoidance actions might expire before the debtor even reached the plan stage.

A debtor in possession usually must negotiate with creditors to effect a successful reorganization. Understandably, debtors in possession may be reluctant to institute avoidance actions against parties at the same time they are attempting to negotiate with them for continued supplies, extensions of credit or support of a plan. There is no indication Congress intended debtors in possession to be forced to sue such parties at the same time debtor is scrambling to stay afloat and put together a plan requiring the support of those parties. If Congress had intended otherwise, it would have been a simple matter to reference debtors in possession and not just appointed trustees in § 546(a).

In contrast, the difference in circumstances in the event a trustee is appointed provide sound reasons to give the trustee only two years after appointment to file avoidance actions. After a trustee is appointed, liquidation rather than reorganization is most likely contemplated, and by imposing a two year limitation to file avoidance actions, Congress ensured prompt liquidation and administration of the estate. "A debtor-in-possession is concerned primarily with rehabilitating the company by developing a confirmable plan of reorganization. A Chapter 11 trustee, however, is primarily interested in obtaining the maximum return possible for the estate's creditors." *Hunt*, 136 B.R. at 448. Based on the differing concerns of a debtor in possession and a trustee, Congress' decision to impose the two year limitation only on trustees is logical.

Another consideration is that a debtor in possession often is disinclined to file avoidance actions. In many cases, the debtor in possession entered into the avoidable prepet-

ition transactions voluntarily, often with relatives, other insiders or preferred creditors. *See id.* at 447–48. Considering the possible reluctance of a debtor in possession to seek prompt avoidance of such transfers, a subsequently appointed trustee will need the two year period to prosecute the avoidance actions. If the two year period begins to run during the tenure of the debtor in possession, a trustee appointed subsequently would be deprived in whole or substantial part of an opportunity to recover avoidable transfers for the benefit of the estate's creditors.

For the above reasons, the court finds that the two year limitation period in § 546(a) applies only to trustees appointed under § 1104 or other sections, as the statute expressly states, and not to debtors in possession.

## IV. CALCULATION OF TIME

As part of its argument on the two year limitation, Leviton argues that pursuant to its proposed method of calculation the period expired on Sunday, June 13, 1993, the day before the action was filed. *See In re Butcher*, 829 F.2d 596, 601 (6th Cir.1987), *cert. denied*, 484 U.S. 1078, 108 S.Ct. 1058, 98 L.Ed.2d 1020 (1988), which holds that Bankruptcy Rule 9006(a) does not apply to filing of a complaint and interprets § 546(a) so "[t]he two year limitations period begins to run on the date of the trustee's appointment and expires twenty-four months later, irrespective of whether the last day falls on a Saturday, Sunday or holiday." However, it is unnecessary to address the calculation question due to the determination that no two year limitation period applies.

## V. CONCLUSION

The Committee is a proper party to file this preference action and the Committee, acting in lieu of debtor, is not barred by the two year limitations period applicable to appointed trustees under § 546(a)(1).

For the foregoing reasons, defendant Leviton's motion to dismiss is denied and Leviton shall file an answer within 10 days.