In re **DENVER/ROBINS VENTURE PARTNERS, LTD.,** Debtor.

J. Coleman **TIDWELL,** Trustee/Plaintiff,

v.

**BANK SOUTH, Houston County, N.A., CB & T Bank of Middle Georgia, N.A., The Citizens Bank, Wachovia Bank of Ga. N.A., Robert I. Bennett, Thomas H. Calhoun, Fred Godwin, Jr., George Kushinka, R. Wayne Lowe, F. Marshal Parker, Jr.,** Defendants.

**Bankruptcy No. 91–52629.
Adv. No. 93–5126.**

United States Bankruptcy Court,
M.D. Georgia,
Macon Division.

May 3, 1994.

William Flatau, Macon, GA, for debtor.

Thomas W. Talbot, Macon, GA, for trustee.

John T. McGoldrick, Jr., Macon, GA, for defendant Bank South.

Jerome L. Kaplan, Macon, GA, for defendant Robert I. Bennett.

James C. Marshall, Mercer Law School, Macon, GA, for defendant F. Marshall Parker, Jr.

T. Baron Gibson, II, Macon, GA, for defendants CB & T Bank of Middle Georgia, N.A., Citizens Bank and Wachovia Bank.

H. David Moore, Warner Robins, GA, for defendants Thomas H. Calhoun, Fred Godwin, Jr., George Kushinka and R. Wayne Lowe.

## MEMORANDUM OPINION

JAMES D. WALKER, Jr., Bankruptcy Judge.

This matter comes before the Court on Motion To Strike filed by J. Coleman Tidwell, Chapter 7 trustee in this case. This is a core matter pursuant to 28 U.S.C. § 157(b)(2)(F). At issue in this matter is the construction of 11 U.S.C. § 546 and the application of its statute of limitation provisions to debtors in possession and trustees. Upon consideration of the legal memoranda and arguments of counsel, the Court enters these Findings of Fact and Conclusions of Law. Fed.R.Bankr.P. 7052 (Law.Co-op. 1994).

## FINDINGS OF FACT

Denver/Robins Venture Partners, Ltd. ("Debtor") filed a case under Chapter 11 of the Bankruptcy Code on August 1, 1991. No trustee was appointed in that Chapter 11 case, and Debtor operated as debtor in possession until the case was converted to Chapter 7 on February 3, 1992. Mr. Tidwell ("Movant") was appointed Chapter 7 trustee on March 11, 1992.

Movant filed this adversary proceeding on December 17, 1993, alleging fraudulent conveyances pursuant to 11 U.S.C. § 548. Movant amended his complaint on February 4, 1994, to include alleged preferential transfers under 11 U.S.C. § 547. Defendants in this matter answered Movant's complaint asserting as affirmative defenses the statute of limitations contained in 11 U.S.C. § 546. Movant responded with this Motion To Strike the statute of limitations defense.

## CONCLUSIONS OF LAW

Pursuant to Bankruptcy Rule 7012, motions to strike are governed by Federal Rule of Civil Procedure 12(f). Rule 12(f) provides

that "... the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The question is whether as a matter of law the affirmative defense raised by the defendants in this action is legally insufficient. *Fabrica Italiana Lavorazione Materie Organiche v. Kaiser Aluminum & Chemical Corp.*, 684 F.2d 776 (11th Cir.1982). If the Court finds that the two year statute of limitations in section 546 is inapplicable to this case, defendants' affirmative defense will be legally irrelevant and therefore stricken.[1] *Meinrath v. Singer Co.*, 87 F.R.D. 422, 429 (S.D.N.Y.1980).

The facts are not in dispute. Movant filed this adversary proceeding more than two years after Debtor filed its original petition for relief under Chapter 11 of the Bankruptcy Code, but less than two years after the case was converted to Chapter 7 and he was appointed trustee. Movant contends that the two year statute of limitations on preference and fraudulent conveyance actions contained in section 546(a)(1) did not begin to run until he was appointed trustee. Defendants contend that the debtor in possession, exercising the powers of the trustee under section 1107(a), only had two years from the original filing under Chapter 11 to commence any such actions. They urge that the statute, once expired, is not revived by the appointment of a trustee. The issues before the Court are purely issues of law, and will turn on the Court's interpretation of section 546 and section 1107(a) of the Bankruptcy Code.

Section 546 of the Bankruptcy Code is a statute of limitation for asserting preference and fraudulent conveyance claims. It provides in pertinent part:

(a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of

...

(1) two years after the appointment of a trustee under section 702, 1104, 1163, 1302, or 1202 of this title; or

(2) the time the case is closed or dismissed.

11 U.S.C. § 546(a) (Law.Co-op.1994).

Section 1107(a) of the Code states:

(a) Subject to any limitations on a trustee serving in a case under this chapter, and to such limitations or conditions as the court prescribes, a debtor in possession shall have all the rights, other than the right to compensation under section 330 of this title, and powers, and shall perform all the functions and duties, except the duties specified in sections 1106(a)(2), (3), and (4) of this title, of a trustee serving in a case under this chapter.

11 U.S.C. § 1107(a) (Law.Co-op.1994).

■ Section 546 provides two separate limitations on actions brought on behalf of the bankrupt estate. Subsection (a)(1) establishes a two year statute of limitations on actions brought by trustees appointed under the Code. Subsection (a)(2) states that no action may be taken on behalf of the estate after the case is closed or dismissed. The question is whether this Court should interpret section 546(a)(1) of the Bankruptcy Code as a requirement that debtors in possession, acting as a trustee pursuant to section 1107(a), bring actions for preferences or fraudulent conveyances within two years of the filing of the case. In order to resolve this issue, the Court must first consider applicable canons of statutory interpretation.

■ The Court must first look to the language that Congress used in the Bankruptcy Code. The plain meaning of a statute should be applied unless it would lead to an "odd"[2]

---

**1.** One of the Defendants has questioned whether the applicability of section 546 to this case is properly raised in the context of a motion to strike. The language of the Rules and interpreting case law states that legal insufficiency is grounds for striking a defense. *See* Fed. R.Bankr.P. 7012; *Fabrica* at 779. Moreover, all parties, including the Defendant who raised the

question, have waived any procedural objections and requested that the Court resolve the issue in this context.

**2.** *Public Citizen v. United States Dept. of Justice*, 491 U.S. 440, 454, 109 S.Ct. 2558, 2566, 105 L.Ed.2d 377 (1989) quoting *Green v. Bock Laun-*

or an "absurd"[3] result. "Judges interpret laws rather than reconstruct legislators' intentions. Where the language of those laws is clear, we are not free to replace it with an unenacted legislative intent."[4] In the case of *U.S. v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) the Supreme Court stated that "[t]he plain language of legislation should be conclusive except in the rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intention of the drafters.... In such cases the intention of the drafters, rather than the strict language controls." *Id.* at 241, 109 S.Ct. at 1030. Therefore, if this Court cannot find ambiguity in the express language of the statute, it is bound to apply the statute as written without resort to other tools of interpretation.[5]

On its face, section 546(a)(1) only refers to actions brought by trustees appointed under Code sections 702, 1104, 1163, 1302, or 1202. None of those Code sections make reference to debtors in possession. Debtors in possession are not appointed. They are created by operation of law upon the filing of the Chapter 11 petition. 11 U.S.C. § 1101(1) (Law. Co-op.1994). Hence, section 546(a)(1) does not directly apply to debtors in possession.

A plain language reading of section 546 is offered by Collier as follows:

> ... [T]he two year limitation period runs from the appointment of a trustee under section 702, 1104, 1163, 1302, or 1202. Thus, if a debtor in possession is serving in a case under chapter 11 and no trustee has

been appointed, the two year period arguably would not begin to run unless and until a trustee is appointed. [citation omitted]. The better view is that section 1107(a), which gives the debtor powers of a trustee and subjects the debtor in possession to the limitations placed on a trustee, does not equate service of the debtor in possession with the appointment of a trustee for the purposes of section 546(a). [citation omitted]. If a trustee is appointed in a case under chapter 11 or in a case converted from chapter 11, he will have two years from the date of his appointment to commence actions pursuant to section 546(a). [citation omitted]

4 L. King, Collier on Bankruptcy, ¶ 546.02 at 546–10–11 (15th Ed.1993).

Defendants dispute this reading of section 546, and cite the case of *Zilkha Energy Co. v. Leighton,* 920 F.2d 1520 (10th Cir.1990), which found ambiguity in section 546 of the Code by referring to section 1107(a). The *Zilkha* court reasoned that section 1107(a) made debtors in possession the "functional equivalent" of an appointed trustee. *Id.* at 1524. Because of this "virtual identity of function between a trustee and a debtor in possession", the court concluded that Congress intended to make debtors in possession subject to the two year statute of limitations of section 546(a)(1). *Id.* at 1524. A debtor becomes a debtor in possession when a Chapter 11 petition is filed. Hence, the two year statute of limitations was held to have begun running at the time the debtor filed its petition under Chapter 11.[6] Several circuits have adopted this rationale.[7] The Eleventh

---

dry Mach. Co., 490 U.S. 504, 509, 109 S.Ct. 1981, 1984, 104 L.Ed.2d 557 (1989).

3. *Church of the Holy Trinity v. United States,* 143 U.S. 457, 459, 12 S.Ct. 511, 512, 36 L.Ed. 226 (1892).

4. *INS v. Cardoza–Fonseca,* 480 U.S. 421, 452, 107 S.Ct. 1207, 1223, 94 L.Ed.2d 434 (1987) (Scalia, J., concurring) citing *United States v. Wiltberger,* 18 U.S. (5 Wheat) 76, 95–96, 5 L.Ed. 37 (1820) (opinion of Marshall, C.J.).

5. *Reves v. Ernst & Young,* —— U.S. ——, ——, 113 S.Ct. 1163, 1169, 122 L.Ed.2d 525 (1993).

6. The court in *Zilkha* recognized that this rationale does not apply in all cases stating that "[w]e

take no position on whether a subsequent appointment of a trustee in a chapter 11 case would change the analysis. [citation omitted] While we perceive that to be a distinguishable circumstance requiring a different analysis, we leave the issue for a case in which that situation arises." *Id.* at 1524, n. 11. While this case does not involve the subsequent appointment of a Chapter 11 trustee, the conversion of this case and appointment of a Chapter 7 trustee makes the situations analogous. Hence, the holding of *Zilkha* is arguably limited to the facts of that case.

7. *Construction Management Services, Inc. v. Manufacturers Hanover Trust Co., (In re Coastal Group),* 13 F.3d 81 (3rd Cir.1994); *Upgrade Corp. v. Government Technology Services (In re Soft-*

Circuit Court of Appeals has not yet addressed this issue.

Upon careful consideration, this Court follows what it believes to be the weight of authority in rejecting both the holding and rationale of *Zilkha*.[8] The *Zilkha* court's reliance upon the functional equivalency between trustees and debtors in possession in order to derive a situational ambiguity within the text of section 546 seems misplaced. Although it is true that under certain sections of the Code a debtor in possession performs the same duties as a trustee, the positions of trustee and debtor in possession are not interchangeable.[9] "The real issue ... is not whether the debtor in possession has the powers of a trustee, but whether section 546(a)(1), which applies to trustees, also applies to debtors in possession." *Bonwit Teller, Inc. v. Jewelmasters, Inc. (In re Hooker Investments, Inc.)*, 162 B.R. 426, 435 (Bankr. S.D.N.Y.1994).

Section 546(a)(1) states that the limitation applies to a trustee "appointed" pursuant to one of several specific Code sections. In this way, section 546(a)(1) is different from other sections of the Code in which the term "debtor in possession" may be substituted for "trustee." The careful phrasing of section 546(a)(1) leads this Court to join others in concluding that "[s]ection 1107 gives a debtor in possession the powers and limitations of a trustee, but it should not be applied to override specific statutory language addressing only appointed trustees." *Official Unsecured Creditors' Comm. v. Leviton Mfg. Co., Inc. (In re Electrical Materials Co.)*, 160 B.R. 1018, 1022 (Bankr.W.D.Mo.1993).

In *Zilkha*, the Tenth Circuit Court of Appeals found ambiguity not within the text of Section 546, but rather by reference to the text and legislative history of another Code section. Moreover, the *Zilkha* court does not seem to have heeded the canon of statutory interpretation which states that "a court should not construe a statute in a way that makes words or phrases meaningless, redundant, or superfluous." *Pullman Construction Industries, Inc. v. National Steel Service Center (In re Pullman Construction Industries, Inc.)*, 132 B.R. 359, 362 (Bankr. N.D.Ill.1991), quoting *Zimmerman v. North American Signal Co.*, 704 F.2d 347, 353 (7th Cir.1983). By applying section 546(a)(1) to debtors in possession, the *Zilkha* court rendered the terms "appointment of a trustee"

*waire Centre International, Inc.)*, 994 F.2d 682 (9th Cir.1993); *see also Knapp v. Applewhite (In re Knapp)*, 146 B.R. 294 (Bankr.M.D.Fla.1992); *Sparmal Enterprises, Inc. v. Moffit Realty Corp. (In re Sparmal Enterprises, Inc.)*, 126 B.R. 559 (S.D.Ind.1991). *But see Ford v. Union Bank (In re San Joaquin Roast Beef)*, 7 F.3d 1413 (9th Cir.1993) (holding that the statute of limitations begins running with the appointment of the first trustee).

8. *See* 4 L. King, Collier on Bankruptcy, ¶ 546.02 at 546-10-11 (15th Ed.1993); *Bonwit Teller, Inc. v. Jewelmasters, Inc. (In re Hooker Investments, Inc.)*, 162 B.R. 426 (Bankr.S.D.N.Y.1994); *Brin-Mont Chemicals, Inc. v. Worth Chemical Corp. (In re Brin-Mont Chemicals, Inc.)*, 154 B.R. 903 (M.D.N.C.1993); *Saccurato v. Shawmut (In re Mars Stores, Inc.)*, 150 B.R. 869 (Bankr.D.Mass. 1993); *Official Unsecured Creditors' Committee v. Leviton Mfg. Co., Inc. (In re Electrical Materials Co.)*, 160 B.R. 1018 (Bankr.W.D.Mo.1993); *Freedom Ford Inc. v. Sun Bank and Trust Co. (In re Freedom Ford, Inc.)*, 140 B.R. 585 (Bankr. M.D.Fla.1992); *Cardullo v. Dwyer Mechanical Corp. (In re Cardullo)*, 142 B.R. 138 (Bankr. E.D.Va.1992); *In re Allegheny International, Inc.*, 136 B.R. 396 (Bankr.W.D.Pa.1991); *Caplan v. United States Brass & Copper Co. (In re Century Brass Products, Inc.)*, 127 B.R. 720 (Bankr.

D.Conn.1991); *Pullman Construction Ind., Inc. v. National Steel Service Center (In re Pullman Construction Ind., Inc.)*, 132 B.R. 359 (Bankr.N.D.Ill. 1991); *Tamiami Range & Gun Shop, Inc. v. International Bank of Miami (In re Tamiami Range & Gun Shop, Inc.)*, 130 B.R. 617 (Bankr.S.D.Fla. 1991). A number of cases decided prior to *Zilkha* came to the opposite conclusion of *Zilkha*. *See Jet Florida, Inc. v. American Airlines (In re Jet Florida System, Inc.)*, 73 B.R. 552 (Bankr. S.D.Fla.1987); *Korvettes, Inc. v. Sanyo Electric, Inc. (In re Korvettes, Inc.)*, 67 B.R. 730 (S.D.N.Y. 1986); *Stuart v. Pingree (In re Afco Development Corp.)*, 65 B.R. 781 (Bankr.D.Utah 1986); *Windstein v. Berry (In re Steel, Inc.)*, 55 B.R. 426 (Bankr.E.D.La.1985); *Boatman v. E.J. Davis Co. (In re Choice Vend, Inc.)*, 49 B.R. 719 (Bankr. D.Conn.1985); *One Marketing Co., Inc. v. Addington & Assoc. (In re One Marketing Co., Inc.)*, 17 B.R. 738 (Bankr.S.D.Tex.1982).

9. *See N.L.R.B. v. Bildisco and Bildisco*, 465 U.S. 513, 517, 104 S.Ct. 1188, 1192, n. 2, 79 L.Ed.2d 482 n. 2 (1984) ("[t]he term debtor in possession is not fully interchangeable with the term trustee in bankruptcy under the Bankruptcy Code ..."); 11 U.S.C. § 1107(a) (Law.Co-op.1994) (Debtors in possession are not required to perform those duties of a trustee provided in § 1106(a)(2), (3), and (4)).

as well as the applicable Code sections authorizing the appointment of a trustee meaningless.[10] The *Zilkha* court then went on to read into section 546(a)(1) the provisions of section 1107; provisions which Congress did not include or reference. As the court in *Pullman* stated:

> A debtor in possession is not appointed. In no way does the statutory wording fit any reading other than to find [debtors in possession] excluded from the two year bar. This reading is logically and internally consistent. There would have been no need for the drafters of § 546(a)(1) to qualify the word 'trustee' with the 'appointment' provision if 'trustee' was intended to simply include the debtor in possession by reason of § 1107(a).

*Pullman* at 362.[11]

This Court finds that the holding of *Zilkha* is inconsistent with the plain language of the Code as well as applicable canons of statutory interpretation. The Court further finds that section 546(a)(1) is not ambiguous, and therefore should be enforced according to its terms. *U.S. v. Ron Pair Enterprises, Inc.*, 489 U.S. at 241, 109 S.Ct. at 1030. The only remaining issue is whether application of the plain language of section 546(a)(1) would lead to an "odd" or "absurd" result.[12]

The goals of trustees and debtors in possession are not identical. A debtor in possession's goal is to achieve the consensual reorganization of a financially distressed debtor. A debtor in possession depends upon the goodwill of its creditors both to obtain the credit it needs to survive during bankruptcy and to obtain the creditors' acceptance of a plan of reorganization. To apply the trustee's statute of limitations contained in section 546(a)(1) to a debtor in possession might jeopardize the success of a Chapter 11 plan by forcing the estate to pursue causes of action against those creditors with whom it is trying to negotiate a plan of reorganization.

In addition to a debtor's need for flexibility in its negotiations with creditors, a Chapter 11 debtor in possession may not be stable enough to pursue preference or fraudulent conveyance actions until after confirmation. If a debtor in possession were subject to the two year limitation placed on trustees, the statute of limitations could expire before the plan could be confirmed thereby impairing the debtor's ability to incorporate causes of action into a plan of reorganization. 11 U.S.C. § 1123(b)(3)(B) (Law.Co-op.1994).

A significant reason why Congress may have decided not to apply the two year limitation period of section 546(a)(1) to debtors in possession may be that debtors in possession are reluctant to bring preference or fraudulent conveyance actions. As the court in *Katon v. International Bank of Miami (In re Tamiami Range & Gun Shop, Inc.)*, 130 B.R. 617 (Bankr.S.D.Fla.1991) stated "[i]t would indeed be less than prudent to allow a debtor in possession as 'trustee' to drag a chapter 11 administration past the two year statute of limitations and not seek preference or fraudulent conveyance transfer actions against his family or friends and then bar action against them. I think not." *Id.* at 618. If a debtor in possession refused to bring such actions for two years after it filed for relief under Chapter 11, assuming the limitation period would not be extended after it expired, any trustee appointed because of the debtor's fraud or inaction would be fore-

---

10. Courts following the *Zilkha* court's rationale have engaged in elaborate rationalizations in order to overcome the obvious fact that debtors in possession are not appointed as required by section 546(a)(1). The court in *Construction Management Services, Inc. v. Manufacturers Hanover Trust Co. (In re Coastal Group, Inc.)*, 13 F.3d 81, 84–85 (3rd Cir.1994) suggested that a "natural" approach to this problem would be to "... view § 1107(a) as an invitation to substitute the term 'debtor in possession' for the entire phrase 'trustee appointed under Section 702, 1104, 1163, 1302, or 1202 of this title ...'." Such a rationalization is contrary to applicable canons of interpretation and counterproductive inasmuch as it attempts to propose a logical framework from which to justify *Zilkha*. Such a "cut and paste" approach to statutory interpretation is not preferred where a plain language reading of the Code yields an intelligible result.

11. *See also Pate v. Hunt (In re Hunt)*, 136 B.R. 437, 447 (Bankr.N.D.Tex.1991) ("If it had intended for the word 'trustee' to apply to a debtor in possession ..., Congress could have made it clear by including the words 'debtor in possession' or referring to the 'date of the petition'.")

12. See *infra* at n. 2, 3.

closed from pursuing claims of the estate. This would create a great inequity for those creditors who did not receive prohibited transfers, and a windfall for those who did. Congress prevented this situation by enacting a statute that gives trustees two years after their appointment to pursue causes of action for the estate.

A trustee, in contrast to the debtor in possession, is concerned primarily with maximizing the return to creditors. In pursuit of this goal, Congress has empowered trustees to investigate the debtor and file a statement regarding the investigation.[13] When a trustee is appointed in Chapter 11, it is usually for "cause" such as "fraud, dishonesty, incompetence, or gross mismanagement" of the debtor's estate. 11 U.S.C. § 1104 (Law.Co-op.1994). Cause is often found when the hope for a consensual reorganization is gone. A two year statute of limitations applied to a trustee encourages the expeditious disposition of estate assets. Such a limitation would be in the best interest of both the debtor and its creditors. This rationale is especially applicable in the matter before this Court where the debtor in possession conducted the affairs of the estate for almost two years before the case was converted to one under Chapter 7 and a trustee was appointed.[14]

This is not the type of "rare case" that the Supreme Court referred to in *Ron Pair* where a literal application of the statute would yield results at odds with the intent of Congress. On the contrary, this interpretation of section 546 has a sound policy rationale. While there may be other policy options, this Court concludes that the interpretation of section 546 of the Bankruptcy Code according to the plain language used by Congress yields neither "odd" nor "absurd" results.

In the matter before the Court, the statute of limitations applicable to the debtor in possession is contained in section 546(a)(2). That limitation only prevents a debtor in possession from instituting a cause of action after the case is closed or dismissed. This case has been neither closed nor dismissed. When the case was converted from Chapter 11 to Chapter 7 and Movant was appointed trustee, the two year statute of limitations applicable to Movant began to run. 11 U.S.C. § 546(a)(1) (Law.Co-op.1994). The action Movant filed against Defendants was commenced within the statute of limitations provided by the Bankruptcy Code. Therefore, Movant is not time barred from bringing this action, and the affirmative defense asserted by Defendants is inapplicable to the present situation. Such affirmative defense is thereby rendered legally irrelevant, and will be stricken.

An order in accordance with this memorandum opinion will be entered.

---

13. 11 U.S.C. § 1106(a)(3), (4) (Law.Co-op.1994). Debtors in possession are specifically exempted from the trustee's duty to investigate by virtue of section 1107(a). The fact that trustees are required to investigate a debtor may imply that Congress envisioned a greater amount of adversity when "cause" exists for the appointment of a trustee.

14. For an extensive discussion of policy rationale, see *Stuart v. Pingree (In re Afco Development Corp.)*, 65 B.R. 781 (Bankr.D.Utah 1986).