**In re Keith T. HARSTAD and Diane N. Harstad, d/b/a Harstad Companies, Debtors.**

**Keith T. HARSTAD and Diane N. Harstad, d/b/a Harstad Companies, Plaintiffs,**

**v.**

**EGAN & SONS COMPANY, Defendant.**

No. Bky. 4–90–869.
Civ. No. 4–93–357.
Adv. No. 4–93–041.

United States District Court,
D. Minnesota,
Fourth Division.

July 26, 1994.

William Edward Connors, Fredrikson & Byron, Thomas G. Wallrich, Fafinski & Wallrich, Minneapolis, MN, for plaintiffs.

Frank J. Walz, Patrick B. Hennessy, Robert J. Christianson, Jr., Best & Flanagan, Minneapolis, MN, for defendant.

## ORDER

DOTY, District Judge.

On January 15, 1993, debtors commenced this adversary proceeding against Egan & Sons Company ("Egan") to recover allegedly preferential transfers pursuant to 11 U.S.C. § 547(b). Before the court is defendant Egan's motion for summary judgment. Based on a review of the file, record and proceedings herein, and for the reasons stated below, the court grants defendant's motion.

## BACKGROUND

Between May and November 1988, Egan provided materials and labor under a contract with Harstad Construction Company. The amount of labor and services provided by Egan was approximately $197,742.62. Egan claimed a mechanics lien against certain real property owned by debtors for that amount. In November 1989, debtors caused full payment to be made to Egan. In return, Egan released its claim to a perfected mechanics lien.

On February 16, 1990, debtors filed a petition for relief under Chapter 11 of the Bankruptcy Code. During the postpetition period, debtors continued to manage their property as debtors in possession; no trustee was ever appointed. Debtors filed an amended plan dated October 8, 1992, which was confirmed by the bankruptcy court on October 19, 1992. Egan was not served with any notices or pleadings during the pendency of the Chapter 11 case. Three years after filing for bankruptcy relief, debtors commenced this adversary proceeding on January 15, 1993, to recover payments made to Egan during the 90 days prior to the petition date.

## DISCUSSION

The court applies Rule 56 of the Federal Rules of Civil Procedure as incorporated by Bankruptcy Rule 7056. The court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). This standard mirrors the standard for judgment as a matter of law under Federal Rule of Civil Procedure 50(a), which requires the trial court to enter judgment as a matter of law if there can be but one reasonable conclusion as to the verdict. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *Id.* at 249, 106 S.Ct. at 2510–11.

On a motion for summary judgment, the court views the evidence in favor of the nonmoving party and gives that party the benefit of all justifiable inferences that can be drawn in its favor. *Id.* at 250, 106 S.Ct. at 2511. The nonmoving party, however, cannot rest upon mere denials or allegations in the pleadings. Rather the nonmoving party must set forth specific facts, by affidavit or otherwise, sufficient to raise a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). If reasonable minds could differ as to the import of the evidence, judgment as a matter of law should not be granted. *See Anderson*, 477 U.S. at 250–51, 106 S.Ct. at 2511–12. If a plaintiff fails to support an essential element of a claim, however, summary judgment must issue because a complete failure of proof regarding an essential element renders all other facts imma-

terial. *Celotex,* 477 U.S. at 322–23, 106 S.Ct. at 2552–53.

### 1. Applicability of Section 546(a)(1) to Debtors in Possession

Egan argues that the complaint is time barred under § 546(a)(1) of the Bankruptcy Code because it was filed more than two years after the bankruptcy case commenced. Section 546(a) sets time limits for commencing an adversary proceeding. Section 546(a) provides:

An action or proceeding under 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of

(1) two years after the appointment of a trustee under section 702, 1104, 1163, 1302, or 1202 of this title; or

(2) the time the case is closed or dismissed.

11 U.S.C. § 546(a). Relying on the plain language of that provision, debtors assert that § 546(a)(1) applies only to bankruptcy trustees and does not limit debtors in possession.

■ The fact that § 546(a)(1) does not mention debtors in possession is not dispositive, however, for neither does § 547 itself permit a debtor in possession to bring an action to avoid a preferential transfer. Rather, authorization for a preference action by a debtor in possession is found in § 1107, which provides in relevant part:

Subject to any limitations on a trustee serving in a case under this chapter, and to such limitations or conditions as the court prescribes, a debtor in possession shall have all the rights ... and powers, and shall perform all the functions and duties ... of a trustee serving in a case under this chapter.

11 U.S.C. § 1107(a). Thus, a debtor in possession is given the same power a trustee would have to bring a preference action under § 547. By the same token, however, a debtor in possession exercising the powers of a trustee is subject to "any limitations" that the Code imposes on trustees. As the Senate Report accompanying the Bankruptcy Reform Act of 1978 stated:

[Section 1107] places a debtor in possession in the shoes of a trustee in every way. The debtor is given the rights and powers of a chapter 11 trustee. He is required to perform the functions and duties of a chapter 11 trustee (except the investigative duties). He is also subject to any limitations on a chapter 11 trustee.

*See* Sen.Rep. No. 95–989, 95th Cong., 2nd Sess. 116 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5902.

■ Whether § 546(a)(1) applies to debtors in possession is a question of first impression in this circuit. Most lower courts to consider the issue have held that the word "trustee" in § 546(a)(1) does not include "debtor in possession" for statute of limitations purposes.[1] Several Courts of Appeals have considered the issue, with differing results. Based on the relationship between §§ 546(a) and 1107(a), four circuits have held that the two year limitations period of § 546(a)(1) applies to debtors in possession. *In re Century Brass Products, Inc.,* 22 F.3d 37 (2d Cir.1994); *In re Coastal Group, Inc.,* 13 F.3d 81 (3d Cir.1994); *In re Softwaire Centre Intern., Inc.,* 994 F.2d 682 (9th Cir. 1993); *Zilkha Energy Co. v. Leighton,* 920 F.2d 1520 (10th Cir.1990). The Fourth Circuit, however, has recently sided with the bankruptcy courts on this issue. *In re Maxway Corporation,* 27 F.3d 980 (4th Cir.1994).

Debtors assert that the plain meaning of § 546(a)(1) is conclusive and urge the court to follow the Fourth Circuit's decision in *Maxway.* The counterargument recognized by the majority of appellate courts is that

1. *See In re Hooker Invs., Inc.,* 162 B.R. 426 (Bankr.S.D.N.Y.1993); *In re Electrical Materials Co.,* 160 B.R. 1018 (Bankr.W.D.Mo.1993); *In re Brin–Mont Chemicals, Inc.,* 154 B.R. 903 (M.D.N.C.1993); *In re Mars Stores, Inc.,* 150 B.R. 869 (Bankr.D.Mass.1993); *In re Cardullo,* 142 B.R. 138 (Bankr.E.D.Va.1992); *In re Matter of Freedom Ford, Inc.,* 140 B.R. 585 (Bankr. M.D.Fla.1992); *In re Hunt,* 136 B.R. 437 (Bankr. N.D.Tex.1991); *In re Allegheny Intern., Inc.,* 136 B.R. 396 (Bankr.W.D.Pa.1991); *In re Pullman Constr. Indus.,* 132 B.R. 359 (Bankr.N.D.Ill. 1991). *See also* 4 *Collier on Bankruptcy,* ¶ 546.02 at 546–10 (endorsing the position of these courts as the "better view") (15th ed. 1993). *But see Sparmal Enterprises, Inc. v. Moffit Realty Corp.,* 126 B.R. 559 (S.D.Ind.1991).

when § 546(a)(1) is read in conjunction with § 1107(a) the term "trustee" includes a debtor in possession. The court agrees that § 546(a)(1) must be construed in light of § 1107(a). The court notes that the balance of restrictions contained in § 546 which refer to actions brought by a trustee apply also to actions brought by debtors in possession. There is no reason to conclude that a debtor in possession is subject to all limitations placed on a trustee except for the two year limitations period contained in § 546(a)(1).

Debtors contend that the phrase "appointment of a trustee" in § 546 makes clear that Congress did not intend to extend its application to debtors in possession. As the Third Circuit noted, this argument is too literal and ignores that the term has been construed as general enough to include elected trustees. *Coastal,* 13 F.3d at 84–85. Debtors also assert that because Congress limited § 546(a)(1) to some types of trustees it did not intend for debtors in possession to be subject to the two year limitations period. Section 546(a)(1) applies to and limits trustees appointed in a Chapter 11 reorganization. Pursuant to § 1107(a), a debtor in possession is subject to the same limitations on a Chapter 11 trustee. The fact that some types of trustees, such as interim trustees, are not subject to § 546(a)(1) does not change this analysis.

Finally, debtors claim that applying the two-year limitations period of § 546(a)(1) to debtors in possession ignores the reality of reorganization. Debtors argue that debtors in possession may be reluctant to pursue avoidance actions because they must negotiate with creditors of the estate. In response to this argument, courts have noted that debtors in possession have two years to negotiate with their creditors before filing suit. *See, e.g., Coastal,* 13 F.3d at 85; *Softwaire Centre,* 994 F.2d at 684. The time bar in § 546(a)(1) imposes the same burden on a Chapter 11 trustee, who has the same duty to fashion a plan, as it does on a debtor in possession. Moreover, as the Third Circuit stated, applying the limitations period of § 546(a)(1) to a debtor in possession "complement[s] the debtor's duty to negotiate in good faith with the individual creditors

against whom the debtor may have preference or avoidance claims and to disclose early on to its creditors the potential for recovery of assets for the estate." *Coastal,* 13 F.3d at 86 (footnote omitted).

## CONCLUSION

Sections 546(a)(1) and 1107(a) of the Bankruptcy Code must be read in conjunction. Construing the statute as a whole, the court concludes that the two-year limitations period set forth in § 546(a)(1) applies to debtors in possession and begins to run upon the filing of a Chapter 11 bankruptcy petition. Because debtors filed this adversary proceeding nearly three years after filing for bankruptcy relief the claims asserted are time barred.

Having concluded that this action is barred by the applicable statute of limitations, the court need not reach the other issues raised by the parties. It is proper to note, however, that faced with similar facts, Judge Donald D. Alsop held that debtors did not have standing to commence a post-confirmation action because they failed to specifically provide for the retention of preference actions as required by § 1123(b)(3)(B) and because, even if debtors had standing, any recovery would not benefit the estate as required by § 550(a). *Harstad v. First American Bank,* Civ. No. 3–93–512, 1994 WL 526013 (D.Minn. January 20, 1994), *a'ffg, In re Harstad,* 155 B.R. 500 (Bankr.D.Minn.1993).

Based on the foregoing, **IT IS HEREBY ORDERED** that defendant's motion for summary judgment is granted.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**