John R. **STOEBNER,** Plaintiff,

v.

Donald **VAUGHAN,** Defendant.

Civ. No. 4–94–934.

United States District Court,
D. Minnesota,
Fourth Division.

March 24, 1995.

John R. Stoebner, Andrew E. Tanick, Lapp Laurie Libra Abramson & Thomson, Gordon Brainard Conn, Jr., Faegre & Benson, Minneapolis, MN, for plaintiff.

Phillip W. Bohl, Jeffrey David Lorenger, Gray Plant Mooty Mooty & Bennett, Minneapolis, MN, for defendant.

## ORDER

DOTY, District Judge.

This matter is before the court on the motion of defendant Donald Vaughan ("Vaughan") for summary judgment. Based on a review of the file, record and proceedings herein, and for the reasons stated below, the court denies defendant's motion.

## BACKGROUND

On January 24, 1992, an involuntary Chapter 7 bankruptcy case was commenced against T.G. Morgan, Inc. ("the Debtor") in the United States Bankruptcy Court for the District of Minnesota. On March 12, 1992, the Debtor voluntarily converted the case to a Chapter 11 proceeding. An order of relief was issued at that time. On May 28, 1992, Judge Robert J. Kressel, United States Bankruptcy Judge, converted the Chapter 11 proceeding to one under Chapter 7. Plaintiff John Stoebner ("Stoebner") was appointed as the Chapter 7 trustee. On May 31, 1994, Stoebner initiated an adversary proceeding against Vaughan to avoid certain allegedly fraudulent transfers pursuant to Minn.Stat. § 513.41 and 11 U.S.C. §§ 544, 547 and 548. Vaughan argues that the court should dismiss Stoebner's avoidance action as it is barred by the two-year statute of limitations found in 11 U.S.C. § 546(a)(1).

## DISCUSSION

The court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). This standard mirrors the standard for judgment as a matter of law under Federal Rule of Civil Procedure 50(a), which requires the trial court to enter judgment as a matter of law if there can be but one reasonable conclusion as to the verdict. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. Id. at 249, 106 S.Ct. at 2510–11.

On a motion for summary judgment, the court views the evidence in favor of the nonmoving party and gives that party the benefit of all justifiable inferences that can be drawn in its favor. Id. at 250, 106 S.Ct. at 2510. The nonmoving party, however, cannot rest upon mere denials or allegations in the pleadings. Nor may the nonmoving party simply argue facts supporting its claim will be developed later or at trial. Rather the nonmoving party must set forth specific facts, by affidavit or otherwise, sufficient to raise a genuine issue of fact for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). If reasonable minds could differ as to the import of the evidence, judgment as a matter of law should not be granted. See Anderson, 477 U.S. at 250–51, 106 S.Ct. at 2511–12. If a plaintiff fails to support an essential element of a claim, however, summary judgment must issue because a complete failure of proof regarding an essential element renders all other facts immaterial. Celotex, 477 U.S. at 322–23, 106 S.Ct. at 2552–53.

The question before the court is whether the adversary proceeding against Vaughan was commenced within the statute of limitations stated in 11 U.S.C. § 546(a)(1). Vaughan asserts that the statute of limitations period began to run when the Debtor became a debtor-in-possession. Stoebner asserts that the limitations period began to run when he was appointed as the bankruptcy trustee pursuant to Section 702 of the Bankruptcy Code. The court holds that, under the facts of this case, the statute of limitations contained in Section 546(a) commenced on the date of Stoebner's appointment as trustee under Section 702. The court concludes, therefore, that the action is timely.

Section 546(a) provides that:

An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—

(1) two years after the appointment of a trustee under section 702, 1104, 1163, 1302, or 1202 of this title; or

(2) the time the case is closed or dismissed.

11 U.S.C. § 546(a). The debtor's bankruptcy case has not been closed or dismissed therefore the relevant provision is Section 546(a)(1). Stoebner relies on the plain language of Section 546(a)(1) to establish the timeliness of the present action. The clear language of Section 546(a)(1) provides that avoidance actions are timely if commenced within two years of the appointment of a trustee. The bankruptcy court appointed Stoebner under Section 702 on or about March 28, 1992. Stoebner commenced this action on March 31, 1992. Pursuant to Fed. R.Bankr.P. 9006(a), this action was filed within two years of Stoebner's appointment as trustee. Thus, Stoebner asserts that this avoidance action against Vaughan was timely filed. The court agrees.

The Supreme Court has held that courts should interpret the Bankruptcy Code according to the statute's plain meaning so long as the provision at issue is unambiguous. *See United States v. Ron Pair Enters., Inc.,* 489 U.S. 235, 240–41, 109 S.Ct. 1026, 1029–30, 103 L.Ed.2d 290 (1989). Where a trustee has been appointed under Section 702, 1104, 1163, 1302, or 1202 of the Bankruptcy Code, Section 546(a) is not ambiguous. *See McCuskey v. Central Trailer Services,* 37 F.3d 1329, 1332 (8th Cir.1994). By its plain language, Section 546(a) allows the first statutorily appointed trustee two years to commence any proceeding enumerated in Section 546(a). Stoebner, the only trustee appointed in this bankruptcy, commenced the action within two years of his appointment. Accordingly, the court concludes that Stoebner's action against Vaughan is timely.

Vaughan points out that recent decisions by this court, and four courts of appeals, commence the statute of limitations for avoidance actions at the filing of the Chapter 11 petition when the debtor becomes a debtor-in-possession.[1] Vaughan also asserts that the statute of limitations, once running, should not recommence when an appointed trustee follows a debtor-in-possession. Thus, according to Vaughan's analysis, the statute of limitations in this proceeding began to run at the filing of the Chapter 11 petition and expired on January 24, 1994, five months before the filing of this action.

This court recently held that the two-year statute of limitations in Section 546(a) begins to run against a debtor-in-possession upon the filing of the bankruptcy petition in a Chapter 11 case. *In re Harstad,* 170 B.R. 666, 669 (D.Minn.1994). Although a question of first impression in this circuit, the decision is in accord with four courts of appeals. *See In re Century Brass Products, Inc.,* 22 F.3d 37 (2d Cir.1994); *In re Coastal Group, Inc.,* 13 F.3d 81 (3d Cir.1994); *In re Softwaire Centre Int'l, Inc.,* 994 F.2d 682 (9th Cir. 1993); *Zilkha Energy Co. v. Leighton,* 920 F.2d 1520 (10th Cir.1990); *but see In re Maxway Corp.,* 27 F.3d 980 (4th Cir.1994) (holding that the statute of limitations does not run on a debtor-in-possession), *cert. denied,* —— U.S. ——, 115 S.Ct. 580, 130 L.Ed.2d 495 (1994).

This court and the courts of appeals relied on provisions in the Bankruptcy Code, particularly Section 1107(a), which equated debtors-in-possession with trustees appointed under Section 1104. *See Harstad,* 170 B.R. at 668–69. Section 1107(a) provides a debtor-in-possession with the same rights and *limitations* as an appointed trustee.[2] Thus, this court in *Harstad* stated "[t]here is no reason to conclude that a debtor-in-possession is subject to all limitations placed on a trustee except for the two year limitations period contained in § 546(a)(1)." *Harstad,* 170 B.R. at 669.

---

**1.** When an entity becomes a debtor under Chapter 11, it is referred to as a debtor-in-possession to denote that it is still operating its business and is in possession of its assets, despite its status as a bankruptcy debtor. *See* 11 U.S.C. § 1107; 11 U.S.C. § 1108.

**2.** Section 1107(a) provides:

Subject to any limitations on a trustee serving in a case under this chapter, and to such limitations or conditions as the court prescribes, a debtor in possession shall have all the rights, other than the right to compensation under section 330 of this title, and powers,

Stoebner distinguishes this case from *Harstad* and the courts of appeals decisions as those cases did not involve the subsequent appointment of a trustee; rather, the debtor-in-possession commenced the adversary proceedings. Vaughan argues that this distinction is specious and ignores the underlying rationale of those decisions. The court disagrees. The facts in *Harstad* were not covered by Section 546(a) and the literal application of the section to those facts produced a result of never limiting a debtor-in-possession's avoidance powers, while a trustee exercising the same powers was limited to two years. The court, therefore, determined that Section 546(a) was ambiguous as applied to the facts presented, and construing the Bankruptcy Code as a whole and relying on legislative history, the court concluded that a debtor-in-possession should be subject to the two-year statute of limitations. The facts in the present case, however, are directly addressed by Section 546(a). Stoebner was appointed as trustee pursuant to Section 702 thus Section 546(a) specifically provides that he has two years to commence any adversary actions.

Vaughan argues that this interpretation of Section 546(a) creates two distinct limitations periods: (1) a two-year period commencing upon the filing of the bankruptcy petition which runs against the debtor-in-possession; and (2) a two-year period commencing upon the appointment of the first trustee under any section referenced in Section 546(a). The court agrees and concludes that this is consistent with the case law interpreting Section 546(a) and the language of the statute. Courts in the Ninth Circuit have reached the same result.

In 1993, the Ninth Circuit held that the two-year statute of limitations in Section 546(a)(1) applied to a debtor-in-possession. *See In re Softwaire Centre Int'l, Inc.*, 994 F.2d 682 (9th Cir.1993). Subsequently, the Ninth Circuit also held that the statute of limitations in Section 546(a)(1) did not begin to run anew with the conversion of the bankruptcy and the appointment of a new trustee. *See In re San Jaoquin Roast Beef,* 7 F.3d 1413 (9th Cir.1993). In light of the Ninth Circuit's decisions regarding Section 546(a), the district courts and bankruptcy courts in the Ninth Circuit concluded that "there are two distinct two-year limitation periods for avoiding actions subject to Section 546(a)(1). A debtor in possession gets two years from the date of filing the case. All trustees get two years from the date the first trustee was appointed." *In re Iron–Oak Supply Corp.,* 162 B.R. 301, 306 (Bankr.E.D.Cal.1993); *see also In re California Canners & Growers,* 175 B.R. 346, 348 (9th Cir. BAP 1994); *In re California Canners and Growers,* 172 B.R. 941 (N.D.Cal.1994); *In re Goetz v. Biljo, Inc.,* 175 B.R. 743 (Bankr.C.D.Cal.1994); *but see In re Sahuaro Petroleum & Asphalt Co.,* 170 B.R. 689, 692 (C.D.Cal.1994); *In re EPI Products USA, Inc.,* 162 B.R. 1 (Bankr. C.D.Cal.1993).[3]

■ Similarly, the court finds that two distinct limitations periods is not inconsistent with the Eighth Circuit's recent decision in *McCuskey.* In *McCuskey,* the debtor operated as a debtor-in-possession from June 8, 1989 until December 22, 1989. In December, a Chapter 11 trustee was appointed under Section 1104. *McCuskey,* 37 F.3d at 1330. The adversary proceeding at issue was commenced on July 2, 1992. The court stated that "[t]here is no dispute in this case that the two-year statute of limitations initially began to run with the appointment of a Chapter 11 trustee on December 22, 1989." *Id.* Significantly, although the issue before the court in *McCuskey* was whether the statute of limitations begins to run anew upon the appointment of a second trustee, the court did not find the statute of limitations started to run at the filing of the Chapter 11 petition. Thus, the Eighth Circuit, as the

---

and shall perform all the functions and duties, except the duties specified in sections 1106(a)(2), (3), and (4) of this title, of a trustee serving in a case under this chapter.
11 U.S.C. § 1107(a).

**3.** Bankruptcy courts in other jurisdictions are in accord with the Ninth Circuit courts which hold that the first appointed trustee has two years within which to exercise his avoidance powers. *See In re Wingspread Corp.,* 178 B.R. 938 (Bankr. S.D.N.Y.); *In re Peterson Distributing, Inc.,* 176 B.R. 584 (Bankr.D.Utah 1995); *In re Petras Furs, Inc.,* 172 B.R. 170 (Bankr.E.D.N.Y.1994); *In re Nelson Co.,* 167 B.R. 1018, 1023 (Bankr.E.D.Pa. 1994); *In re Brook Meade Health Care Center, Inc.,* 165 B.R. 195 (Bankr.M.D.Tenn.1994).

Ninth Circuit in *San Jaoquin*, did not "tack" the period that the debtor was a debtor-in-possession to the limitations period which commenced upon the appointment of a trustee. Rather, each court of appeals followed the logical interpretation of Section 546(a)(1) which allowed the first appointed trustee two years to commence proceedings enumerated in Section 546(a). Thus, the court concludes that it is consistent with Eighth Circuit precedent that the two-year limitations period commences with the first statutorily appointed trustee. The Eighth Circuit requires that the original limitations period must be shared with any subsequently appointed trustee. It does not require that the limitation period must commence at the filing of the Chapter 11 petition. Further, as discussed, the court's decision in *Harstad* does not require that the limitations period must run against an appointed trustee upon the filing of the bankruptcy petition.

■ Finally, the court's decision in this case honors the court's obligation to give the words in Section 546(a) their plain meaning unless this yields an absurd or futile result. *See United States v. American Trucking Ass'n*, 310 U.S. 534, 542, 60 S.Ct. 1059, 1063, 84 L.Ed. 1345 (1940). Under this decision, different plaintiffs may be subject to different statutes of limitations when commencing actions to avoid the same transaction. The court finds, however, that this result is not absurd. Vaughan's argument, on the other hand, renders meaningless the portion of the statute which refers to the *appointment* of a trustee. Thus, the court declines to adopt such a construction. The court also notes that, contrary to Vaughan's position, "it does not offend the concept of statutes of limitations that different plaintiffs may be entitled to bring the same action at different times." *Iron–Oak*, 162 B.R. at 306.[4]

### CONCLUSION

Vaughan's argument that the statute of limitations begins to run with the filing of the

bankruptcy petition requires a collective reading of *Harstad* and *McCuskey* which results in an interpretation not required by either opinion, and one which is contrary to the plain language of the statute. The court finds that the plain language of Section 546(a) controls, thus the court concludes that the trustee has two years in which to commence an adversary proceeding under the sections enumerated in Section 546(a). As Stoebner was appointed no earlier than May 28, 1992, the action to recover transfers in this adversary proceeding filed on May 31, 1994 is timely. Accordingly, **IT IS HEREBY ORDERED** that:

1. Stoebner's complaint is not time barred by Section 546(a)(1); and

2. Vaughan's motion to dismiss the complaint as untimely is denied.

---

**4.** Vaughan also asserts that subsequent amendments to Section 546(a) supports the commencement of the limitations period with the debtor-in-possession. *See* Pub.L. No. 103–394, § 216, 108 Stat. 4106, 4126–27 (1994). The court declines to address the recent amendments to Section 546(a). Section 546(a) is clear as applied to the facts in this case; thus, it is unnecessary to

venture into the legislative history of Section 546(a) or policy debates regarding the incentives of different trustees in search of legislative intent. *See United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989); *In re CVA Associates*, 171 B.R. 122, 127 (D.Utah 1994).